IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 6, 2005 Session

## KATHRYN C. BLACK v. STEVAN L. BLACK

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Shelby County**
**No. CH-03-0315-3     D. J. Alissandratos, Chancellor**

_____

**No. W2003-01648-SC-R11-CV - Filed July 1, 2005**

_____

We granted this appeal to determine whether the trial court properly dismissed the wife's complaint for "fraud, deceit, and coercion" after finding that her complaint failed to state an independent action upon which to set aside a final divorce decree. The Court of Appeals affirmed. After reviewing the record and applicable authority, we conclude that the wife failed to allege sufficient facts to support either an independent action to set aside the final divorce decree under Rule 60.02 of the Tennessee Rules of Civil Procedure or a separate common law cause of action for fraud. Accordingly, the Court of Appeals' judgment is affirmed on the grounds set forth in this opinion.

**Tenn. R. App. P. 11  Appeal by Permission; Judgment of the Court of Appeals Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO B. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Hal Gerber and Margaret M. Chesney, Memphis, Tennessee, for the Appellant, Kathryn C. Black.

Daniel L. Taylor, Memphis, Tennessee, for the Appellee, Stevan L. Black.

**OPINION**

        The appellant, Kathryn C. Black ("Wife"), filed a complaint on February 14, 2003, entitled "Complaint for Damages for Fraud, Deceit, and Coercion" against the appellee, Stevan L. Black ("Husband"), in the Chancery Court for Shelby County, Tennessee. The allegations and evidence are summarized below.

**Background**

        On October 6, 1990, the Husband and Wife were married and remained so for almost ten years, during which time two children were born of the marriage. Unfortunately the relationship

deteriorated, and on September 13, 2000, the Husband filed a divorce complaint against the Wife. On the same day, the Husband and the Wife executed and filed a Marital Dissolution Agreement ("MDA") in the Circuit Court for Shelby County, Tennessee. Later, on November 29, 2000, the Wife and the Husband signed and filed an amended MDA in the Circuit Court for Shelby County. Both the MDA and the amended MDA were prepared by the Husband, an attorney who practiced law in Tennessee. Neither the Wife nor the Husband was represented by separate counsel.

The initial MDA dated September 13, 2000, stated that the parties would share joint legal custody of the children but that the Wife would have primary custody. It divided the property and assets of the parties and established, among other things, that the Husband would pay the Wife alimony in solido for twenty-four months.

The MDA also stated the Wife had received treatment for alcoholism and would "refrain from the consumption of alcohol in any amount." It further stated, however, that "[e]ach of the parties has represented to the other that he or she is not under the influence of alcohol or drugs at the execution of this agreement." Finally, the MDA provided as follows:

> Husband and Wife have each read this Agreement and acknowledge that they fully understand the provisions thereof, and that this is a fair and reasonable agreement and is not the result of any fraud, duress, or any undue influence exercised by either party herein upon the other, or by any other person or persons upon either of the parties. They further understand and agree that this Agreement constitutes the entire understanding of the parties, there being no representations, promises, warranties, covenants, or undertakings other than those expressly set forth herein.

The amended MDA executed by the Husband and the Wife on November 29, 2000, stated that the parties "do hereby ratify and affirm the Marital Dissolution Agreement executed by them on September 13, 2000." The amended MDA, however, then provided that the Wife intended to move to Palm Springs, California, and that the Husband would pay rental payments on the Wife's leased property for one year.

On December 12, 2000, the Shelby County Circuit Court after a hearing granted a final decree of divorce, which incorporated the provisions of the MDA and the amended MDA.

On February 14, 2003, more than two years after the entry of the final decree of divorce, the Wife filed a "Complaint for Damages for Fraud, Deceit, and Coercion" against the Husband in the Chancery Court for Shelby County, Tennessee. The complaint alleged that the Husband coerced her into signing the MDA while she was under the influence of alcohol and also fraudulently concealed his net worth. She demanded $1,000,000 in compensatory damages and an unspecified amount of punitive damages. The complaint alleged that the following occurred when the Husband presented a proposed MDA to the Wife on September 8, 2000:

> When [Wife] told [Husband] she wanted to have the advice of counsel, [Husband] then told her if she did so, and if she did not sign the document, he would have her prosecuted for child abuse and put in jail; that he would see to it that she would never see her children again; that she would have to pay hundreds of thousands of dollars in legal fees; that she would receive nothing in the event of a divorce and she would have to pay child support.

The complaint further alleged that the Wife refused to sign the MDA, began drinking, and was under the influence of alcohol when she met with the Husband and executed the MDA on September 13, 2000. According to the Wife's complaint, the Husband "repeated the[] threats," and the Wife signed the MDA "due to the capacity and willingness of the [Husband] to carry out his threats." Finally, the complaint alleged that the Husband "fraudulently concealed his true net worth" by withholding the identity and value of his realty, securities, law practice, office equipment, and furniture.

The Husband filed a motion to dismiss the complaint on the grounds that it failed to state a claim upon which relief could be granted. The motion stated that the Wife had accepted benefits under the final divorce decree entered on December 12, 2000, and had "waited years to raise these complaints."

The Chancellor granted the motion to dismiss after finding that the Wife's complaint was "word[ed] in terms of a tort" but was "really effectively . . . more of a setting aside [and] modifying the divorce." The Chancellor explained: "I have read through the allegations and the factual assertions that she makes and they do not . . . sound in tort sufficient that this Court can say that there has been presented . . . a set of facts . . . that one could conceivably have [a] cause of action for fraud . . . ."

On appeal, the Court of Appeals held that the Wife's complaint constituted an independent action seeking to set aside the final divorce decree under Rule 60.02 of the Tennessee Rules of Civil Procedure, but that the Wife had failed to allege sufficient facts of extrinsic fraud as required under Rule 60.02. The court further held that the Wife's allegations of coercion and duress under the particular facts of this case likewise did not establish an independent action under Rule 60.02 to set aside the final divorce decree in the Shelby County Chancery Court. In sum, the court concluded that "the only method by which [the Wife] can challenge the divorce decree on the basis of [the Husband's] conduct would be by filing a motion pursuant to Rule 60.02" in the Shelby County Circuit Court.

We granted this appeal.

-3-

## Analysis

### Standard of Review

A motion to dismiss a complaint for failure to state a claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure states that the allegations in the complaint, accepted as true, fail to establish a cause of action for which relief can be granted. Leach v. Taylor, 124 S.W.3d 87, 90 (Tenn. 2004). A motion to dismiss admits the truth of the relevant and material allegations contained in the complaint. Id.

When reviewing a trial court's dismissal of a complaint pursuant to Rule 12.02(6), we accept the factual allegations in the complaint as true. Id. Our review of the trial court's dismissal presents a question of law, which we review *de novo* without according a presumption of correctness to the conclusions reached by the trial court. Id.

### Allegations of Fraud

The Wife maintains that the complaint stated a common law tort cause of action for fraud; that the complaint was not an action to set aside the divorce decree; and that the trial court therefore erred in characterizing and dismissing her complaint as an action to set aside the final divorce decree under Rule 60.02 of the Tennessee Rules of Civil Procedure. The Husband responds that the action was properly dismissed by the trial court because the complaint sought to set aside the final divorce decree but failed to allege extrinsic fraud or otherwise comply with Rule 60.02.

### Tennessee Rule of Civil Procedure 60.02

Given the rulings of the trial court and the Court of Appeals, we begin our analysis of this issue with a review of Rule 60.02, the purpose of which "is to alleviate the effect of an oppressive or onerous final judgment." Killion v. Dep't. of Human Servs., 845 S.W.2d 212, 213 (Tenn. 1992). The rule may afford relief from judgments or orders in the following circumstances:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgement should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

A motion filed under Rule 60.02 "shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken." Tenn. R. Civ. P. 60.02; see also Killion, 845 S.W.2d at 213-14.

Because the Wife filed her complaint in the chancery court, rather than filing a motion in the circuit court within one year of the entry of the final divorce decree, the complaint cannot be considered as a motion for relief from the divorce decree under sections (1) though (5) of Rule 60.02.[1]

Rule 60.02, however, also contains a "savings" provision, which clarifies that the rule "does not limit the power of a court to entertain *an independent action* to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court." See Tenn. R. Civ. P. 60.02 (emphasis added). Although there is no time limit for filing an independent action to set aside a judgment, it may be granted "only under unusual and exceptional circumstances" and "where no other remedy is available or adequate." Whitaker v. Whirlpool Corp., 32 S.W.3d 222, 229-30 (Tenn. Ct. App. 2000) (citing Jerkins v. McKinney, 533 S.W.2d 275, 281 (Tenn. 1976)).

Although a motion to set aside a judgment for fraud under section 2 of Rule 60.02 may be based on intrinsic or extrinsic fraud, an independent action to set aside a judgment under the savings provision of Rule 60.02 requires extrinsic fraud. Whitaker, 32 S.W.3d at 230; see also New York Life Ins. Co. v. Nashville Trust Co., 292 S.W.2d 749, 751-53 (Tenn. 1956) (independent action to set aside judgment requires extrinsic fraud). Intrinsic fraud occurs "within the subject matter of the litigation," and it includes such things as falsified evidence, forged documents, or perjured testimony. Whitaker, 32 S.W.3d at 230. Extrinsic fraud, on the other hand, "involves deception as to matters not at issue in the case which prevented the defrauded party from receiving a fair hearing." Nobes v. Earhart, 769 S.W.2d 868, 874 (Tenn. Ct. App. 1988). Examples of extrinsic fraud have included keeping a party from filing a lawsuit by falsely promising a compromise, keeping a party from knowing about a lawsuit, and an attorney's claiming to represent a party while acting in a manner opposed to the party. See id.

Although the Wife's complaint was entitled "Complaint for Damages for Fraud, Deceit, and Coercion" and sought relief in the form of compensatory and punitive damages, the Court of Appeals concluded that the substance of the complaint was an independent action under Rule 60.02 to set aside the final divorce decree entered on December 12, 2000. We agree.

The complaint alleges that the Husband acted fraudulently by withholding the identity and value of his property and securities before the MDA was executed on September 13, 2000. The allegations conflicted with the language of the MDA, which stated in part that the MDA was "fair and reasonable" and "not the result of any fraud, duress, or any undue influence exercised by either party herein upon the other, or by any other person or persons upon either of the parties." The allegations also conflicted with the language of the amended MDA, which was executed on

---

[1] Accordingly, we express no opinion as to how the present allegations may have related to those provisions.

November 29, 2000, and which ratified and affirmed the provisions of the initial MDA. There is no dispute that both the MDA and the amended MDA were incorporated into the final divorce decree, which was entered by the circuit court on December 12, 2000. In sum, the complaint, even when viewed in a light most favorable to the Wife, was an independent action alleging fraud and seeking relief from the final divorce decree entered on December 12, 2000, in the Shelby County Circuit Court.

As a result, we further agree with the Court of Appeals' conclusion that the Wife's complaint did not allege sufficient facts to establish extrinsic fraud as required by the savings provision of Rule 60.02. As discussed above, the complaint alleged that the Husband "fraudulently concealed his true net worth" by withholding the identity and value of his property, securities, law practice, equipment and furnishings. Although these assertions concerned the subject matter of the litigation and may have been sufficient to establish intrinsic fraud had they been pursued within one year of the divorce decree under section 2 of Rule 60.02, there were no assertions of fraud indicative of "deception as to matters *not at issue in the case*" that "prevented the [appellant] from receiving a fair hearing." See Nobes, 769 S.W.2d at 874 (emphasis added).

Accordingly, we conclude that the Court of Appeals properly held that the substance of the Wife's complaint sought to set aside the final divorce decree and did not satisfy the savings provision under Rule 60.02 of the Tennessee Rules of Civil Procedure.

*Common Law Fraud*

We next consider an issue that was not addressed by the Court of Appeals, in which the Wife maintains that a party may file a common law action for fraud that is separate from either a motion or an independent action to set aside a judgment under Rule 60.02.

Nothing in Rule 60.02, or any other authority cited by the parties, prevents the filing of a common law action for fraud for damages simply because the ground of "fraud upon the court" may serve as a basis for setting aside a judgment. Indeed, as noted above, the Wife framed her complaint as a "Complaint for Damages for Fraud, Deceit and Coercion" and requests relief in the form of compensatory and punitive damages. Thus, even though we agree with the Court of Appeals that the substance of the complaint was an independent action under Rule 60.02 to set aside the divorce decree, we will, in viewing the allegations in a light most favorable to the Wife, also consider whether the complaint contains the elements required for a common law action for fraud.

As this Court has observed, a common law cause of action for fraud has the following elements:

> When a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him, there is a positive fraud. The representation must have been made with knowledge of its falsity and with a

fraudulent intent. The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury.

Brown v. Birman Managed Care, Inc., 42 S.W.3d 62, 66-67 (Tenn. 2001). In addition, the elements of fraud must be "stated with particularity." Tenn. R. Civ. P. 9.02.

Here, the Wife's complaint was properly dismissed because it did not contain the elements required for a common law action for fraud for the reasons set out below. First, the Wife's complaint does not contain particularized allegations as to the Husband's misrepresentations or as to the reasonableness of the Wife's reliance on such statements. Brown, 42 S.W.3d at 66-67; see also Tenn. R. Civ. P. 9.02. Second, the allegations of fraud in the complaint conflict with the initial MDA, which stated that it was "not the result of any fraud . . . ." Moreover, the allegations of fraud in the complaint do not address in any fashion the amended MDA executed by the parties, which ratified the provisions in the initial MDA. Finally, both the MDA and the amended MDA, which addressed the issue of fraud, were incorporated into the final divorce decree. Although the doctrine of res judicata, which precludes litigation of claims that have already been resolved between the parties, will not bar a claim based on *extrinsic* fraud, see New York Life Ins. Co., 292 S.W.2d at 754-55; Nobes, 769 S.W.2d at 874, the Wife's complaint fails to allege extrinsic fraud for the reasons discussed above.

Accordingly, the Wife's complaint was properly dismissed, even if considered as a common law cause of action for fraud, because it did not contain particularized allegations as to the required elements of fraud and because it did not contain any allegations of fraud with regard to the amended MDA, which had ratified the provisions of the initial MDA and was incorporated into the final decree of divorce.

*Allegations of Coercion*

Finally, the Wife argues that the complaint alleged a cause of action for coercion and that the Chancellor erred in dismissing the complaint.

The Court of Appeals determined that when viewed in a light most favorable to the Wife, the substance of the complaint amounted to an independent action under the savings provision of Rule 60.02 to set aside the final divorce decree based on coercion and duress. We agree.

For example, the complaint alleged that the Husband, a practicing lawyer, knew the Wife was under the influence of alcohol when the MDA was executed on September 13, 2000. The complaint also alleged that the Husband threatened to prosecute the Wife for child abuse and told her she would incur legal fees, "receive nothing," and have to pay child support. The complaint further asserted that the Wife signed the MDA "due to the capacity and willingness of the [Husband] to carry out his threats." In short, the Wife's allegations of coercion relate to the MDA executed by the parties on

September 13, 2000, which was incorporated into the final divorce decree entered on December 12, 2000.

As stated earlier, an independent action to set aside a judgment may be filed under Rule 60.02 of the Tennessee Rules of Civil Procedure "only under unusual and exceptional circumstances and . . . where no other remedy is available or adequate." Whitaker, 32 S.W.3d at 229-30. Here, the Wife's complaint does not establish an independent action for setting aside the judgment based on coercion under the savings provision in Rule 60.02. The complaint was filed over two years after the MDA was executed by the parties and incorporated into the final divorce decree that was entered by the circuit court. Moreover, the complaint makes no allegations of coercion with respect to the amended MDA, which was executed by the parties only two months after the MDA and which ratified the provisions of the MDA. In short, the Wife's complaint failed to establish an independent action for setting aside the divorce decree under Rule 60.02.

In addition, even if viewed as a common law action for coercion and a request for damages separate from Rule 60.02, the Wife's complaint fails to state a claim. As noted above, the complaint was filed over two years after the MDA was executed by the parties and incorporated into the final divorce decree. More importantly, the complaint makes *no allegations of coercion with respect to the amended MDA*, which was executed by the parties only two months after the MDA and which reiterated and ratified the provisions of the MDA. Indeed, the amended MDA reaffirmed the provision stating that the MDA was "not the result of any fraud, duress, or any undue influence exercised by either party herein upon the other . . . ."

Accordingly, the Wife is not entitled to relief on the basis of coercion and duress because the complaint failed to allege a sufficient basis for relief under either Rule 60.02 or the common law.

### Conclusion

After reviewing the record and applicable authority, we conclude that the Wife failed to allege sufficient facts to support either an independent action to set aside the final divorce decree under Rule 60.02 of the Tennessee Rules of Civil Procedure or separate common law causes of action for fraud or coercion. Accordingly, the Court of Appeals' judgment is affirmed on the grounds set forth herein. Costs of the appeal are taxed to the appellant, Kathryn C. Black, and her sureties, for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE