FILED

April 27, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:10 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Dorothy J. Johnson | ) Docket No. 2015-01-0273 |
| | ) |
| v. | ) |
| | ) State File No. 26715-2015 |
| Pilgrim's Pride, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Thomas Wyatt, Judge | ) |

---

### Affirmed and Certified as Final – April 27, 2016

---

In this appeal of an order denying the employee's motion to alter, amend, or set aside an approved workers' compensation settlement agreement, the employee admittedly signed an agreement that resolved her claim for workers' compensation benefits on a "doubtful and disputed basis." The employee wrote below her signature a notation, which purported to say "stress duress," though she did not bring this notation to the attention of the trial judge during the approval hearing. After questioning the employee at the approval hearing, the trial court entered an order approving the settlement. In response to the employee's subsequent untitled motion seeking to alter, amend, or set aside the settlement agreement due to "stress, duress and mental anguish," the trial court denied the motion and the employee appealed. Having carefully reviewed the record, we affirm the trial court's decision and certify the trial court's order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Dorothy J. Johnson, Chattanooga, Tennessee, employee-appellant, pro se

Cliff Wilson and Michelle Reid, Nashville, Tennessee, for the employer-appellee, Pilgrim's Pride, Inc.

## Factual and Procedural Background

Dorothy Johnson ("Employee"), a resident of Hamilton County, Tennessee, alleged to have injured her left hand on March 17, 2015, while working at Pilgrim's Pride, Inc. ("Employer"). Employer provided a panel of physicians, from which Employee selected Dr. Terry Smith at Occupational Health Services. Dr. Smith's April 2, 2015 report indicated that Employee "bumped her wrist on a piece of machinery." He noted complaints of left hand pain and occasional numbness, and he diagnosed a left hand contusion and strain, a possible ganglion cyst, and occasional numbness in her middle finger. On a document entitled "Statement of Activity Work Status," also dated April 2, 2015, Dr. Smith recommended that Employee "may need to see PCP if a ganglion." He did not offer a causation opinion, but commented in his dictated note that "according to the representative, ganglion cysts are not covered under their Workman's Compensation. She may need to go and see her PCP."

Thereafter, Employee sought treatment on her own with Dr. Jason Rehm. In an April 27, 2015 report, Dr. Rehm noted that Employee "struck the left volar wrist against a hard metal object at work." She noted later that evening the development of a "fairly large wrist mass." She also reported numbness and tingling in fingers on her left hand. Following his examination, Dr. Rehm told Employee that she needed "carpal tunnel release and exploration of the mass with either excision of the cystic mass or . . . reconstructive surgery on the ulner [sic] artery if an aneurysm is found." With respect to the issue of medical causation, Dr. Rehm stated, "I have no other reason other [sic] to think that this mass and subsequent pain and paresthesias are a result of the volar traumatic blow to the wrist in March."

Employee was also evaluated by Dr. Channappa Chandra at OrthoSouth, who noted Employee "was picking up a box and was putting it down on the line and hit the hand." Dr. Chandra diagnosed carpal tunnel syndrome and a ganglion cyst. He also recommended surgery, but did not comment on medical causation. The surgery, though not authorized by Employer, was completed soon thereafter.

On November 12, 2015, Employee appeared at an office of the Bureau of Workers' Compensation in Chattanooga to review proposed settlement documents with counsel for Employer. The settlement entitled Employee to a lump sum payment in consideration of a full and complete resolution of her claim on a "doubtful and disputed" basis. *See* Tenn. Code Ann. § 50-6-240(e) (2015). Employee signed the written settlement agreement, but made a notation beneath her signature which purported to read "stress duress."[1] Employee also signed a form entitled "Explanation of Workers' Compensation Benefits" and a Statistical Data Form ("SD-1"), neither of which had any additional notations near Employee's signature. Following the questioning of Employee

---

[1] The handwriting is semi-legible and appears to say "stree drustree."

by the trial court, during which Employee affirmed her desire to proceed with the settlement, the court entered an order approving the settlement agreement.

On December 9, 2015, Employee filed an untitled motion alleging she had signed her name "under stress, duress and mental anguish, there by [sic] reneging [sic] the agreement making [it] null and void." In a handwritten statement admitted during the motion hearing, Employee further alleged that counsel for Employer had "withheld doctor's report." She also wrote that "undue influence is a milder form of duress than physical harm or threats" and "the contract is voidable by the party who has been unfairly persuaded." In support of this statement, she cited a case decided by the South Carolina Supreme Court.

On January 12, 2016, the trial court entered an order declining to set aside the settlement order, reasoning that Employee "did not come forward with evidence establishing that she was incompetent to make a legally binding decision on November 12, 2015." Moreover, the court determined that Employee "has not shown sufficient grounds to entitle her under Rule 60.02 to set aside the settlement into which she entered." Employee timely appealed this order.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

3

## Analysis

### *Settlements*

Tennessee Code Annotated section 50-6-240 governs the settlement of workers' compensation claims with dates of injury on or after July 1, 2014. The statute authorizes a workers' compensation judge to approve a settlement if two criteria are met: (1) the settlement agreement has been signed by the parties and (2) the judge "has determined that the employee is receiving, substantially, the benefits provided by this chapter or, in cases subject to subsection (d), if the workers' compensation judge has determined that the settlement is in the best interest of the employee." Tenn. Code Ann. § 50-6-240(a) (2015). Subsection (e) of this statute provides as follows:

> Notwithstanding any other provision of this section, if there is a dispute between the parties as to whether a claim is compensable, or as to the amount of compensation due, the parties may settle the matter without regard to whether the employee is receiving substantially the benefits provided by this chapter; provided, that the settlement is determined by a workers' compensation judge to be in the best interest of the employee.

Tenn. Code Ann. § 50-6-240(e) (2015). In this case, the parties sought and received approval from the trial court to settle the case consistent with the statute.

### *Post-Judgment Motions*

There are several ways in which a party may seek relief following the entry of an order or judgment. One such way is Rule 59 of the Tennessee Rules of Civil Procedure, which provides a party the opportunity to ask a court to alter or amend a judgment. Such motions must be filed within thirty days of the entry of the order that is the subject of the motion. Tenn. R. Civ. P. 59.04 (2015).

In *Savage v. Hildenbrandt*, No. M1999-00630-COA-R3-CV, 2001 Tenn. App. LEXIS 661 (Tenn. Ct. App. Sept. 6, 2001), a party filed several post-judgment motions, including a "motion to reconsider." The trial judge treated the latter as a motion to alter or amend the judgment pursuant to Rule 59.04. *Id.* at *11. The same party then filed another motion pursuant to Rule 60.02 for relief from the judgment. *Id.* at *30. In considering the various post-judgment motions on appeal, the Court of Appeals explained that "Tennessee's rules governing civil and appellate procedure promote the use of Tenn. R. Civ. P. 59 motions because they prevent needless appeals by providing trial courts with an opportunity to correct errors before a judgment becomes final." *Id.* at *33. The court further explained that "a timely filed Tenn. R. Civ. P. 59 motion suspends the time for filing a notice of appeal." *Id.* The court determined that the trial court was correct when it construed the "motion to reconsider" as a Rule 59.04 motion. *Id.* at *27-28. The

4

court then concluded that the "denial of a Tenn. R. Civ. P. 59.04 motion in a non-jury case brings up the underlying judgment for review." *Id.* at *39.

A second avenue for post-judgment relief can be found in Rule 60.02, which specifies the reasons a court may relieve a party from a final judgment, order or proceeding[2]:

    (1)    mistake, inadvertence, surprise or excusable neglect;

    (2)    fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of the adverse party;

    (3)    the judgment is void;

    (4)    the judgment has been satisfied, released or discharged . . .; or

    (5)    any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02 (2015). Although, in this case, Employee's filings on appeal are silent as to the precise basis for her claim for relief, her statements can reasonably be interpreted to allege "fraud, misrepresentation, or misconduct of the adverse party," or "any other reason justifying relief," as noted in Rule 60.02. *See Bemis Co. v. Hones*, 585 S.W.2d 574, 576 (Tenn. 1979) (courts must consider motions by their substance rather than their title).

In *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114 (Tenn. 2013), a workers' compensation claimant sought to set aside a settlement pursuant to Rule 60.02. The trial court had granted the employee's motion, finding that, although an attorney attended the mediation with the employee at which the settlement was reached, the employee had not received proper legal counsel concerning the benefits to which he was entitled. *Id.* at 121. On appeal, the Supreme Court reversed, holding that the trial court improperly granted the motion. *Id.* at 137. The Court first explained that relief under Rule 60.02 is "rare and disfavored" and is "an exceptional remedy." *Id.* at 127. With respect to subparagraph (5), the Court further reasoned that Rule 60.02(5) "does not relieve a party from his or her free, calculated, and deliberate choices." *Id.* at 128. Moreover, "the rule affords relief in the most extreme, unique, exceptional, or extraordinary cases." *Id.*

In another case, *Hooper v. Kathy Freeman Trucking, Inc.*, No. M2007-00794-WC-R3-WC, 2008 Tenn. LEXIS 270 (Tenn. Workers' Comp. Panel Apr. 22, 2008), the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel addressed an employee's Rule 60 motion to set aside a court-approved settlement agreement. In addition to his Rule 60 motion, the employee filed affidavits alleging that he misunderstood the nature of the settlement and did not appreciate that a "disputed"

---

[2] A final order or judgment is one that resolves all the issues in the case, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003).

settlement would result in the termination of medical benefits. *Id.* at *14-15. The employee's Rule 60 motion was based on "mistake or excusable neglect." *Id.* at *14. In affirming the trial court's decision to set aside the settlement, the Appeals Panel reasoned, "the absence of any explanation of the nature of the alleged dispute regarding compensability is significant." *Id.* at 15. The Appeals Panel then concluded that, without some explanation of the nature of the compensability dispute, the trial court properly granted the motion. *Id.* at *15-16.

Finally, in *Henderson v. SAIA, Inc.*, 318 S.W.3d 328 (Tenn. 2010), the Tennessee Supreme Court addressed a similar motion. The employee in *Henderson* settled her claim for workers' compensation benefits and then later attempted to have the settlement set aside pursuant to Rule 60.02. *Id.* at 331. Unlike in the present case, the employee in *Henderson* had not appeared personally before the judge for the approval hearing, but had submitted an affidavit for the judge's review. *Id.* at 333.

In considering the employee's motion to set aside the judgment in *Henderson*, the Supreme Court explained, "[t]he general purpose of Rule 60.02 is 'to alleviate the effect of an oppressive or onerous final judgment.'" *Id.* at 336 (quoting *Black v. Black*, 166 S.W.3d 699, 703 (Tenn. 2005)). The Court cautioned that "relief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome. Instead, relief is appropriate only in those relatively few instances that meet the criteria of the rule." *Id.* (citation omitted). The Court further reasoned as follows:

> Rule 60.02 has been described as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." "Out of respect for the finality afforded to legal proceedings, this 'escape valve' should not be easily opened." Accordingly, a party seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief *by clear and convincing evidence.*

*Id.* (citations omitted) (emphasis added).[3] Thus, an employee seeking to set aside an order approving a workers' compensation settlement agreement in accordance with Rule 60.02 must present clear and convincing evidence supporting a basis to set aside the order. Moreover, on appeal, a trial court's decision to grant or deny such a motion will be upheld unless the appellate court determines that the trial court abused its discretion. *Id.* at 335.

---

[3] In her brief filed on appeal, Employee cites several cases, including *Crocker v. Schneider*, 683 S.W.2d 335 (Tenn. Ct. App. 1984), and *Johnson v. Ford*, 245 S.W.531 (Tenn. 1922). These cases involve agreements between parties to real estate transactions and/or construction contracts and are not applicable to a court-approved workers' compensation settlement agreement.

*Application of Law to Facts*

In the present case, Employee's untitled post-settlement motion did not specify the type of motion being filed. Regardless of whether Rule 59.04 or Rule 60.02 applies, we conclude that Employee is not entitled to relief.

With respect to Rule 59.04, Employee does not allege an error in the order, a mistake of fact, or an error in the application of the law. Her motion alleged that she signed her name "under stress, duress and mental anguish." She did not allege, however, that she was mentally incompetent to enter into the settlement agreement or that she was somehow forced to do so. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying her motion to set aside the settlement when analyzed pursuant to this rule.

With respect to Rule 60.02(1), Employee does not allege that she failed to understand the terms of the settlement, that there was a mistake in the settlement documents, or that she inadvertently entered into the settlement agreement. To the contrary, it is apparent from the face of the settlement documents that Employee signed the Settlement Agreement, the Explanation of Workers' Compensation Benefits, and the SD-1. Both the settlement agreement and the SD-1 clearly reflected the terms of the settlement. In addition, the agreement expressly referenced section 50-6-240(e) and described the settlement terms as "doubtful and disputed." The agreement also reflected the parties' mutual acknowledgment that "this compromised settlement of Employee's doubtful and disputed claim is in her best interest." Further, the trial court's order approving the settlement stated that "the Employee has reached a compromise settlement of this doubtful and disputed claim, which is in Employee's best interest." Thus, we conclude that the trial court did not abuse its discretion in determining that Employee failed to establish sufficient legal grounds supporting her motion to set aside the order based on Rule 60.02(1).

Moreover, we agree with the trial court that there was no evidence of fraud, misrepresentation, or misconduct on the part of the adverse party as contemplated in Rule 60.02(2). While Employee alleged that she was not shown certain medical records at the settlement approval hearing, she admitted that she did not ask Employer's counsel for medical records at or prior to the settlement hearing. She offered no evidence that she asked for her medical records from any physician's office or that she requested a delay in the settlement approval hearing to give her an opportunity obtain any such records.

Finally, we see nothing in the record evidencing "any other reason justifying relief from the operation of the judgment" as reflected in Rule 60.02(5). Employee informed the trial court during the settlement approval hearing that she was "in financial distress," which is consistent with her claim that she added the notation "stress duress" under her signature on the settlement agreement. However, she acknowledged she had the right to

"walk away from the proposed settlement if she wished" and, even after the issue of her financial distress was discussed, she affirmed to the court that she wanted to proceed with the settlement. She also told the court that she understood the terms of the settlement and that she understood she was waiving her right to a trial.

Upon a careful review of this record, we find no basis to conclude that the trial court abused its discretion in declining to relieve Employee of the terms of the settlement agreement and order approving the settlement. Despite Employee's contention that she was under "stress" and "duress," this, standing alone, does not negate an individual's ability to make a reasoned decision to proceed with a settlement.

## Conclusion

For the foregoing reasons, we hold that the trial court did not abuse its direction in denying Employee's motion to alter, amend, or set aside the approved settlement agreement. We further find that the trial court's decision does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the Order Denying Motion to Aside Settlement Order is certified as final.

Timothy W. Conner, Judge
Workers' Compensation Appeals Board

8

FILED

**April 27, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

Time: 9:10 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dorothy J. Johnson | ) | Docket No. 2015-01-0273 |
| | ) | |
| v. | ) | |
| | ) | State File No. 26715-2015 |
| Pilgrim's Pride, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of April, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Dorothy J. Johnson | | | | | X | jdorothy2010@gmail.com |
| Cliff Wilson | | | | | X | cwilson@howardtatelaw.com |
| Michelle Reid | | | | | X | mreid@howardtatelaw.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov