IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 15, 2025 Session

## GAYLA HENRY v. PROPERTY LISTING AND MANAGEMENT AGENCY, ET AL.[1]

**Appeal from the Circuit Court for Washington County**
**No. 40270      Suzanne S. Cook, Judge**

———————————————————

**No. E2024-01435-COA-R3-CV**

———————————————————

In the Circuit Court for Washington County ("the Trial Court"), Gayla Henry filed a motion to vacate two 2019 judgments entered by the General Sessions Court for Washington County ("the General Sessions Court") in favor of Jesse Street and Property Listing and Rental Agency ("Property Listing") and to re-open a case dismissed by the Trial Court in 2020. She named Mr. Street; Property Listing; Robert Stacy, sole proprietor of Property Listing; and Kristi Shepard, a real estate agent employed by Property Listing ("Defendants") as defendants in her motion. She alleged that the 2019 judgments had been procured through fraud by opposing counsel. The Trial Court denied the motion to vacate. Ms. Henry appeals. Discerning no reversible error, we affirm and grant Defendants' request for attorney's fees and costs on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Gayla Henry, Johnson City, Tennessee, Pro Se.

Andrew M. Hanson, Bristol, Tennessee, for the appellees, Property Listing and Rental Agency, Kristi Shepard, and Robert Stacy.[2]

---

[1] Appellee Property Listing and Rental Agency is misnamed as "Property Listing and Management Agency" in the appellate briefs, including appellees' brief. However, based on trial court documents, it appears the agency's actual name is "Property Listing and Rental Agency," and we will refer to it as such throughout this Memorandum Opinion.

[2] It does not appear that Mr. Hanson represents defendant Jesse Street or that Mr. Street participated in this appeal.

# MEMORANDUM OPINION[3]

## Background

This case started as a dispute over a lease-to-own arrangement for property owned by Alene Street, sometimes referred to as Alene Dennis. Ms. Street's husband, Jesse Street, sometimes referred to as James Street, leased the property to Ms. Henry in July 2018. Property Listing was hired as the property manager for the property, and a dispute over the due date for rental payments arose.

In April 2019, Property Listing filed a detainer action for Ms. Henry's eviction and payment of unpaid rent in the General Sessions Court (case #56739). Ms. Henry filed a counter-complaint for breach of contract against Property Listing and Jesse Street in the General Sessions Court (case # 56923).

In November 2019, the General Sessions Court entered a default judgment against Ms. Henry for her failure to prosecute and dismissed her complaint with prejudice in case #56923. The General Sessions Court also entered a default judgment in favor of Property Listing and Mr. Street in case #56739. The parties seem to agree these default judgments were entered because Ms. Henry and her then-counsel failed to appear at a November 2019 hearing. Ms. Henry claimed she could not appear because she had a family medical emergency, and her then-counsel indicated that he could not attend because he was required to appear in federal court that day. In a later filing, Ms. Henry claimed she filed an appeal but that her appeal was dismissed for her failure to post a proper bond.

Ms. Henry then filed a complaint against Alene Street and Property Listing in the Trial Court in October 2020 (case # 40270). She claimed that the Streets did not honor the "valid contract to purchase the property," largely rehashing the 2019 lawsuits. She further claimed that in the 2019 detainer action, she paid the "summons for [$]1500" and $1,800 in late fees based on the advice of her attorney. Her attorney at the time allegedly facilitated a settlement agreement, but she contended the agreement was not what she agreed to in mediation and apparently rejected it. She also claimed she missed the November 2019 court hearing due to her son's medical emergency and that her attorney had to appear in federal court during that time but never informed the General Sessions Court. She appeared to make claims of negligence and fraud against her former attorney and asked the Trial Court to vacate "the Default Judgement entered by the lower court on November 26th, 2019, in Washington County TN and that it be Void." She sought compensatory and punitive damages.

---

[3] Rule 10 of the Rules of the Tennessee Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

Ms. Street, presenting herself as Alene Dennis, and Property Listing filed respective motions to dismiss. Ms. Street/Dennis argued that Ms. Henry's complaint attempted to "resurrect actions regarding the same facts, the same parties and the same property as have been adjudicated against the Plaintiff in two prior actions and so are *res judicata*." She referenced the detainer action granted in favor of Mr. Street and Property Listing, as well as Ms. Henry's counter-complaint, which was dismissed by default judgment. She further argued that Ms. Henry could have added Ms. Street as an indispensable party to case #56923 but chose not to. Property Listing argued similarly.

In November 2020, the Trial Court entered an order dismissing Ms. Henry's complaint with prejudice, finding that the claims asserted arose from the same transaction and involved the same parties, facts, and property as had already been litigated or could have been litigated in the detainer action and counter-complaint in the General Sessions Court. The Trial Court accordingly found that Ms. Henry's claims were barred by the doctrine of res judicata.

Nearly four years later, in May 2024, Ms. Henry filed a motion to vacate the November 2019 judgments and re-open case #40270. She named as defendants Mr. Street and Property Listing. In another version of the motion in the record, she also named Kristi Shepard, a licensed real estate agent with Property Listing, and Robert Stacy, the sole proprietor of Property Listing. She asked that the Trial Court re-open her case because the 2019 judgments were procured "through fraud on the court" because Defendants presented false evidence and made "overt false representations" to the Trial Court. Ms. Henry argued that she paid $1,500 "for a detainer summons," $1,250 "for August rent," and $375 for alleged late fees to meet Property Listing and Mr. Street's demands so the detainer action would be dismissed. Property Listing and Mr. Street, however, failed to dismiss their action against her and continued to pursue her eviction. She alleged that opposing counsel presented inaccurate invoices and lied to the General Sessions Court by stating that Ms. Henry owed Property Listing and Mr. Street money and provided them with "bad checks."

Property Listing filed a response, arguing that Ms. Henry's motion was untimely under Tennessee Rule of Civil Procedure 60.02 and should be dismissed. Property Listing argued that Ms. Henry's motion must have been made within one year after the judgment given her motion was based on allegations of fraud, misrepresentation, or other misconduct. Ms. Henry filed her motion nearly five years after the 2019 default judgments were entered.

In August 2024, the Trial Court entered an order denying Ms. Henry's motion to vacate. Ms. Henry timely appealed.

## Discussion

Ms. Henry raises several issues on appeal, which we consolidate and restate as the following: whether the Trial Court erred by dismissing her motion to vacate. Although not designated as a separate issue, Defendants ask for an award of attorney's fees and costs on appeal.

We first address Defendants' argument that Ms. Henry has waived appellate review by failing to comply with the briefing requirements of Tennessee Rule of Appellate Procedure 27. Rule 27(a) provides in relevant part:

> The brief of the appellant shall contain under appropriate headings and in the order here indicated:
>
> (1) A table of contents, with references to the pages in the brief;
>
> (2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
>
> * * *
>
> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
>
> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Although Ms. Henry's principal brief lacks a table of contents, table of authorities, and citations to the record in the statement of facts, and her argument primarily relies on federal law and is difficult to follow, we will soldier on in our review of the Trial Court's judgment.

Ms. Henry filed a motion to vacate the 2019 judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), which, taking the substance of the motion over the form, we interpret as a Tennessee Rule of Civil Procedure 60.02 motion. Rule 60.02 provides:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Our Supreme Court has explained the relevant standard of review as follows:

> Tennessee law is clear that the disposition of motions under Rule 60.02 is best left to the discretion of the trial judge. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991); *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). The standard of review on appeal is whether the trial court abused its discretion in granting or denying relief. This deferential standard "reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives," and thus "envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal." *Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

> A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by

resolving the case "on a clearly erroneous assessment of the evidence." *Id.* The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). Indeed, when reviewing a discretionary decision by the trial court, the "appellate courts should begin with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999); *see also Keisling v. Keisling*, 196 S.W.3d 703, 726 (Tenn. Ct. App. 2005).

*Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010).

Ms. Henry argued before the Trial Court that the 2019 judgments should be vacated because they were procured through fraud upon the court. She alleged that Defendants and their attorney misled the General Sessions Court by presenting false invoices, concealing material facts, and making "overt false representations." The Trial Court denied her motion, finding that it was "too late" and barred by res judicata.

A motion for relief from a judgment based upon fraud under Rule 60.02(2) must be made not more than one year after the judgment was entered. However, Rule 60.02 "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court." Ms. Henry based her motion on the ground of fraud upon the court.

With respect to this "savings" provision of Rule 60.02, our Supreme Court has explained:

> Rule 60.02, however, also contains a "savings" provision, which clarifies that the rule "does not limit the power of a court to entertain *an independent action* to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court." *See* Tenn. R. Civ. P. 60.02 (emphasis added). Although there is no time limit for filing an independent action to set aside a judgment, it may be granted "only under unusual and exceptional circumstances" and "where no other remedy is available or adequate." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 229-30 (Tenn. Ct. App. 2000) (citing *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976)).

> Although a motion to set aside a judgment for fraud under section 2 of Rule 60.02 may be based on intrinsic or extrinsic fraud, an independent action to set aside a judgment under the savings provision of Rule 60.02 requires extrinsic fraud. *Whitaker*, 32 S.W.3d at 230; *see also New York Life Ins. Co. v. Nashville Trust Co.*, 200 Tenn. 513, 292 S.W.2d 749, 751-

- 6 -

53 (1956) (independent action to set aside judgment requires extrinsic fraud). Intrinsic fraud occurs "within the subject matter of the litigation," and it includes such things as falsified evidence, forged documents, or perjured testimony. *Whitaker*, 32 S.W.3d at 230. Extrinsic fraud, on the other hand, "involves deception as to matters not at issue in the case which prevented the defrauded party from receiving a fair hearing." *Nobes v. Earhart*, 769 S.W.2d 868, 874 (Tenn. Ct. App. 1988). Examples of extrinsic fraud have included keeping a party from filing a lawsuit by falsely promising a compromise, keeping a party from knowing about a lawsuit, and an attorney's claiming to represent a party while acting in a manner opposed to the party. *See id.*

*Black v. Black*, 166 S.W.3d 699, 703-04 (Tenn. 2005).

Ms. Henry has not alleged extrinsic fraud. Her motion is based upon intrinsic fraud, such as Defendants' alleged presentation of false evidence and concealment of material facts.[4] A motion based on intrinsic fraud must be brought no later than one year after entry of judgment. She sought to have the 2019 judgments vacated nearly five years later in 2024, far beyond one year after the entry of judgment. Her motion was therefore untimely.

On appeal, she argues that she should be excused from the one-year deadline because she became legally incapacitated soon after discovering evidence of Defendants' fraud. However, she does not cite to any evidence in the record of such fact. Moreover, even taking her claim of incapacity as true, she claims she was not incapacitated until March 2021, which was, again, well beyond a year after the entry of the 2019 judgments. She also presents little legal argument as to whether her alleged incapacity would even toll the one-year deadline provided for in Rule 60.02. We discern no abuse of discretion in the Trial Court's denial of Ms. Henry's Rule 60.02 motion. We affirm.

Next we consider Defendants' request for attorney's fees and expenses based upon their argument that Ms. Henry's appeal is frivolous. Tenn. Code Ann. § 27-1-122 provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on

---

[4] Although Ms. Henry also mentions a settlement agreement that Defendants allegedly violated, the allegations of her own complaint demonstrate that the settlement negotiations broke down and no agreement was reached. Furthermore, she does not allege that this settlement agreement induced her not to pursue her claims, particularly given that she failed to prosecute her case at a hearing due to a medical emergency, not by some trick of Defendants.

the judgment, and expenses incurred by the appellee as a result of the appeal.

"'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

We conclude that Ms. Henry's appeal is devoid of merit and that it had little prospect of success. Ms. Henry's filings in the Trial Court and her briefs on appeal have been difficult to parse. She failed to present a clear picture of her case. However, what we have been able to discern is that Ms. Henry did not file her Rule 60.02 motion until nearly five years after entry of the 2019 judgments, rendering her motion untimely. We accordingly award Defendants their reasonable attorney's fees and expenses incurred on appeal.

## Conclusion

For the foregoing reasons, we affirm the Trial Court's judgment and award Appellees their reasonable attorney's fees and expenses on appeal. We remand for collection of costs below and a determination of Appellees' reasonable attorney fees and expenses on appeal. Costs of the appeal are taxed against the appellant, Gayla Henry, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE