# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 4, 2016

## JEREMY DAVID PARVIN v. JACKIE LaDEAN NEWMAN

**Appeal from the Circuit Court for Hamilton County**
**No. 15C849     L. Marie Williams, Judge**

_____

## No. E2016-00549-COA-R3-CV-FILED-DECEMBER 9, 2016

_____

In this post-divorce action, the husband filed a complaint alleging abuse of process on the part of the wife during the divorce proceedings. He asserted that prior to the parties' stipulation to grounds for divorce and presentation of a settlement agreement, subsequently adopted by the trial court in a final divorce judgment, the wife had filed a motion for contempt against him with the intent to harass him, cause him to incur unnecessary expense, and "weaken his resolve" to litigate for more favorable terms. The wife filed a motion to dismiss this action, which the trial court treated as a motion for summary judgment because the wife had requested that the court consider the record of the divorce proceedings. Following a hearing, the trial court granted summary judgment in favor of the wife upon finding, *inter alia*, that the husband's complaint was barred by the doctrine of *res judicata*. Upon the wife's subsequent motion, the trial court imposed a sanction against the husband's counsel, pursuant to Tennessee Rule of Civil Procedure 11.02, in the amount of $9,745.25, comprising the wife's reasonable attorney's fees and expenses incurred in defending against this action. The husband appeals. Discerning no reversible error, we affirm. We deny the wife's request for attorney's fees on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., joined. ANDY D. BENNETT, J., filed a separate opinion, concurring in part and dissenting in part.

Phillip L. Davidson, Brentwood, Tennessee, for the appellant, Jeremy David Parvin.

John P. Konvalinka and Katherine H. Lentz, Chattanooga, Tennessee, for the appellee, Jackie LaDean Newman.

**OPINION**

**I. Factual and Procedural Background**

The plaintiff, Jeremy David Parvin ("Husband"), initially filed a complaint for divorce in the Hamilton County Circuit Court ("trial court") against the defendant, Jackie LaDean Newman ("Wife"), on July 9, 2012. Although only a portion of the divorce case record is before this Court on the instant appeal, Husband has agreed with Wife's characterization of the proceedings as entailing "numerous hearings," including a three-day hearing before a special master in May and June 2013. The trial court ultimately entered a Final Judgment of Divorce ("divorce judgment") on April 28, 2015, granting the parties a divorce on stipulated grounds, pursuant to Tennessee Code Annotated § 36-4-129 (2014), and adopting the parties' settlement agreement.

During the pendency of the divorce proceedings, Wife filed a "Motion to Impose Sanctions for Contempt," on July 17, 2014, alleging that Husband had violated various provisions of orders previously entered by the trial court on January 4, 2013; April 22, 2013; and April 23, 2014. Although these prior orders are not in the record before us, copies of the divorce judgment and Wife's July 2014 contempt motion were attached to various pleadings in this action and are included in the record on appeal. In her 2014 contempt motion, Wife alleged, *inter alia*, that Husband had willfully failed to (1) make mortgage payments on the marital residence, (2) pay full amounts ordered on a second piece of real property, (3) keep the marital residence in good marketable condition, (4) notify Wife when he filed an insurance claim regarding flood damage to the marital residence, (5) pursue sale of the marital residence, (6) pay fees for the special master, and (6) provide complete copies of bank account statements to Wife. Wife sought sanctions against Husband, "including but not limited to a term of confinement in the Hamilton County jail or workhouse." Husband filed no response to Wife's July 2014 motion for contempt, and the motion was pending at the time of the divorce judgment's entry.

During the divorce proceedings, Husband also filed pleadings seeking findings of contempt against Wife. Although these pleadings are not in the appellate record, it is undisputed that Husband filed a "Motion to Impose Sanctions for Contempt" against Wife on April 11, 2013. It is also undisputed that the trial court in its April 22, 2013 order previously had found each party respectively in contempt of court for violating provisions of the court's orders entered prior to that time. Husband subsequently filed an "Amended Motion to Impose Sanctions for Contempt" against Wife on June 12, 2014. Husband does not dispute that as with Wife's July 2014 motion for contempt, Husband's June 2014 amended motion for contempt was pending at the time of the divorce judgment's entry in April 2015.

2

In the divorce judgment, the trial court set forth the parties' announcement of their settlement as follows in pertinent part:

> This cause came on for hearing . . . upon the complaint for divorce filed by [Husband], the answer and counter-complaint filed by [Wife], the answer to the counter-complaint, the agreements and stipulations of the parties, the testimony of a party as to the terms of this Final Judgment of Divorce, and the entire record of this cause.
>
> It was announced to the Court that the parties had stipulated, as provide[d] by Tenn. Code Ann. § 36-4-129, that grounds for divorce exist as alleged in both the original complaint and in the counter-complaint. It was further announced to the Court that the parties had reached an agreement to settle and compromise all of the matters in dispute between them and that they have freely, voluntarily and knowingly entered into an agreement that is reflected by the terms and provisions of this Final Judgment of Divorce.
>
> The Court adopts the stipulation of the parties as finding of fact that grounds for divorce have been proven to the satisfaction of the Court, and the Court adopts the settlement agreement of the parties as the final judgment in this case.

The settlement memorialized in the divorce judgment included, *inter alia*, an award to Husband of "all such right, title and interest" in fifteen pieces of real property separate from the former marital residence. As pertinent to the issues raised in Wife's motion for contempt, the divorce judgment provided:

> There is currently being held either at Cornerstone Community Bank or in the registry of the Court the approximate sum of $86,060 representing insurance proceeds related to a casualty loss claim on the former marital residence at 901 Channel View Lane, a lien has been previously declared by the Court against those funds to secure payment of the fees of the Special Master . . . and the fees and expenses of the attorneys of record for the parties in this case pursuant to Tenn. Code Ann. § 23-2-102, and the Court will enter a separate order for the disbursement of those funds in the following order: first to the payment of the final statement of the Special Master . . . and the balance of the funds one-half to Grant, Konvalinka and

3

Harrison and one-half to Lawrence and Lawrence, PLLC[1] to the extent of the indebtedness owed to them with any remainder payable to [Wife].

(Paragraph numbering omitted.)

On July 10, 2015, Husband, acting through his current counsel, commenced the instant action in the trial court by filing a complaint alleging that Wife's purpose in filing her July 2014 contempt motion had been to harass him, cause him to incur unecessary expenses to defend the motion, "weaken his resolve" to continue litigation of the divorce, and "settle for terms favorable to [Wife]." Husband requested compensatory damages for "emotional distress" and attorney's fees incurred in defense of the contempt motion. He also requested attorney's fees and costs for the instant action.

On September 23, 2015, Wife filed a motion to consolidate this action with the divorce case, pursuant to Tennessee Rule of Civil Procedure 42.01, and to dismiss the instant action, pursuant to Tennessee Rule of Civil Procedure 12.02(6), for failure to state a claim upon which relief could be granted. She also requested attorney's fees and costs pursuant to Tennessee Code Annotated § 20-12-119(c) (Supp. 2016) (providing for an award of attorney's fees and costs upon the grant of a Rule 12.02(6) motion to dismiss). Husband filed a response on October 7, 2015, objecting to the motion to consolidate and asserting that Wife had improperly requested in her motion to dismiss that the trial court consider motions outside the pleadings.

The trial court entered an order on December 4, 2015, finding that Wife's motion to dismiss must be treated as a motion for summary judgment because Wife had requested that the court review the record of the divorce proceedings. *See* Tenn. R. Civ. P. 12.02 ("If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."). Reserving Wife's motion to consolidate, the court allowed the parties thirty days to comply with the requirements of Tennessee Rule of Civil Procedure 56.

Wife subsequently filed a motion for summary judgment on January 4, 2016, together with a memorandum of law and statement of undisputed facts. She asserted that Husband's complaint should be dismissed on the basis of *res judicata* and because "the undisputed facts negate the essential elements of [Husband's] claims for abuse of process . . . ." Husband filed a response on January 26, 2016, clarifying, *inter alia*, that he was "not seeking to set aside in any manner the divorce decree" and emphasizing that he was

---

[1] Husband was represented during the divorce proceedings by attorney Phillip C. Lawrence.

seeking damages for emotional distress. Husband concomitantly filed a statement of undisputed facts in which he agreed with Wife's procedural history of the divorce proceedings. He also filed a "Statement of Disputed Facts," essentially asserting points of his argument, and an affidavit he had executed on January 19, 2016.

In his affidavit, Husband stated in relevant part:

> I took my former wife's motion to impose sanctions for contempt very seriously. Prior to filing this motion, she had me arrested for domestic violence, which was dismissed. All total, I was arrested twice, once at work, both charges were dismissed, which cost me money to defend and caused me great emotional distress.

> She filed the motion on July 17, 2014. It was never set for hearing. But I felt like it was being held over my head during the rest of the litigation. My wife never offered to dismiss it. I felt like it was being used as a threat against me. The things she said I did in her motion were not true. But I felt like she was using this threat to cause me to weaken my resolve to settling this case on terms more favorable to her.

> I wanted the divorce settled. I was tired of the litigation ruining my life. It was costing a great deal of money for attorneys fees, and the stress was unbearable. I agreed to the divorce terms to resolve this matter. The thought of continuing on, claiming that her motion was without merit and litigating it, was just too harmful to me. And afterwards, I did not want to do anything that would effect [sic] the finality of the divorce.

> I agreed to many of the terms of the settlement because I did not want to have to defend myself against charges that might land me in jail. I did not do the things she claimed in the motion, but I simply could not take the chance of being incarcerated and the potential impact on my ability to earn a living.

> If I had amended my divorce complaint to allege abuse of process it would have hardened [Wife's] position toward settlement. She would have accused me of abuse of process by attempting to force her into an unequitable [sic] settlement agreement. We would never have settled the divorce and spent huge sums of money on attorneys fees. She would have hampered my ability to litigate the abuse of process claim, holding the settlement of the divorce case over my head and forcing me to dismiss the

5

claim. This is why I wanted to wait until the divorce settlement was final to file this case.

(Paragraph numbering omitted.)

On February 12, 2016, Wife filed a response to Husband's statement of disputed facts, objecting to the statement as argumentative and speculative. She concomitantly filed her own affidavit, asserting, *inter alia*, that the June 13, 2012 arrest to which Husband refers in his affidavit resulted in his conviction for resisting arrest following a domestic disturbance at the marital residence. As Wife noted, Husband's conviction was subsequently affirmed by the Court of Criminal Appeals. *See State v. Jeremy D. Parvin*, No. E2014-01569-CCA-R3-CD, 2015 WL 2128585, at *1 (Tenn. Crim. App. May 6, 2015) (explaining also that prior to trial, the State voluntarily dismissed an indictment against Husband for two counts of domestic assault), *perm. app. denied* (Tenn. Aug. 13, 2015).

Wife attached to her affidavit a copy of an electronic mail message, dated November 4, 2014, from Husband to Wife, with the subject heading, "Stalling." In the message, Husband stated in relevant part:

It hit me that you may actually think that I'm the one delaying the divorce. Maybe we both think the other is stalling and dragging this out. Maybe it is the attorneys.

\* \* \*

If you would like to try to get divorced on our December 2nd final trial date, you and I could agree on an updated valuation (after any necessary negotiations such as averaging appraisals) and then ask [Husband's divorce counsel] to forward it to the SM [special master]. Wouldn't you like to be divorced for this Christmas, New Years, Valentines Day and for 2014 taxes? I'm ready if you are. If we settle, you won't risk jail time for the pending contempt motion for not paying the Channel View mortgage and for not switching all of the utilities into your name as ordered. Also, I may be willing to negotiate a settlement on our Malicious Prosecution case that will be filed by the 5/18/15 statute of limitation.

I don't meant [sic] to sound threatening. I'm simply offering you a more efficient method of settling these matters, so that you can move on.

On February 23, 2016, the trial court entered an order granting summary judgment in favor of Wife on the basis of *res judicata* and the court's finding that Husband would not be able to establish the elements of abuse of process at trial. The court dismissed Husband's complaint with prejudice. Husband filed a notice of appeal on March 18, 2016.

Wife subsequently filed a "Motion to Impose Sanctions Pursuant to Rule 11 of the Tennessee Rules of Civil Procedure" on March 23, 2016. She attached a copy of a letter that had been sent from her counsel to Husband's counsel on July 27, 2015, providing Husband's counsel with a copy of the Rule 11 motion and notifying him that it would be "filed at the appropriate time" unless Husband's complaint was withdrawn and the action dismissed. Wife alleged in her motion that Husband had filed the instant action frivolously and "for the improper purpose of (1) harassing [Wife] and (2) attempting to recoup his attorney's fees expended in connection with the parties' previous divorce proceedings." Wife also argued that Husband's filing of a notice of appeal did not deprive the trial court of jurisdiction to rule on ancillary matters relating to the enforcement of its judgment. In a response filed March 31, 2016, Husband objected to Wife's Rule 11 motion and requested that the trial court reserve judgment on the motion until after this Court rendered a decision regarding the appeal.

On April 4, 2016, Wife filed a motion with this Court to dismiss Husband's appeal, arguing that the trial court's judgment was not final because the trial court had not ruled on the motion to impose sanctions. Husband filed a response, objecting to Wife's motion to dismiss and noting that his notice of appeal had been filed one week before Wife's motion to impose sanctions. On April 11, 2016, this Court entered an order denying Wife's motion to dismiss the appeal, explaining that a "Motion to Impose Sanctions Pursuant to Rule 11 of the Tennessee Rules of Civil Procedure is not among the motions enumerated in Rule 4(b) of the Tennessee Rules of Appellate Procedure." *See* Tenn. R. App. P. 4(b) (enumerating specific timely motions in civil actions the filing of which will mean that "the time for appeal for all parties shall run from the entry of the order" granting or denying the motion). However, acting *sua sponte*, this Court stayed the appeal and remanded this action to the trial court "for the limited purpose of ruling on the Motion to Impose Sanctions."

On remand, Wife filed her counsel's affidavit, delineating attorney's fees incurred in defense of this action in the amount of $9,284.00 and expenses in the amount of $461.25, for a total of $9,745.25. On April 26, 2016, the trial court entered an order, *inter alia*, granting Wife's motion for sanctions as against Husband's counsel in the amount of $9,745.25 in reasonable attorney's fees and expenses. Husband then proceeded with his timely appeal.

7

## II. Issues Presented

Husband presents two issues on appeal, which we have restated as follows:

1.      Whether the trial court erred by granting summary judgment in favor of Wife under the doctrine of *res judicata*.

2.      Whether the trial court erred by granting Wife's motion to impose Tennessee Rule of Civil Procedure 11 sanctions as against Husband's counsel.

Wife presents an additional issue, which we have similarly restated as follows:

3.      Whether this appeal is frivolous such that Wife is entitled to an award of attorney's fees on appeal pursuant to Tennessee Code Annotated § 27-1-122.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)).  As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied."  *Rye*, 477 S.W.3d at 250.  As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

> We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis.  Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."  Tenn. R. Civ. P. 56.03.  "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."  *Id.*  When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party

8

"may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S.Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65 (emphasis in original). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

Although the issue of whether a claim is barred by *res judicata* presents a question of law, we review a trial court's ruling on a Tennessee Rule of Civil Procedure 11 motion according to an abuse of discretion standard. *See Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008), *perm. app. denied* (Tenn. Mar. 23, 2009). As this Court explained in *Brown*:

An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable. *Id.* (citing *State v. Brown & Williamson Tobacco Corp.,* 18 S.W.3d 186, 191 (Tenn. 2000)). Our review of Rule 11 decisions is governed under this deferential standard since the question of whether a Rule 11 violation has occurred requires the trial court to make highly fact-intensive determinations regarding the reasonableness of the attorney's conduct. *Id.*

9

We review the trial court's findings of fact with a presumption of correctness. *Id.;* Tenn. R. App. P. 13(d).

*Id.*

## IV. *Res Judicata*

Husband contends that the trial court erred by finding this action barred under the doctrine of *res judicata*. He argues that his complaint constitutes a tort claim separate from the issues resolved by entry of the divorce judgment and that because he allegedly entered into the divorce settlement under duress, he should not be precluded from maintaining this lawsuit. Wife contends that the trial court properly found this action to be barred by *res judicata* because by entering into the divorce judgment, Husband knowingly and voluntarily entered into an agreement that resolved all pending issues related to the parties' divorce proceedings, including Wife's July 2014 contempt motion. Upon our thorough review of the record, we agree with Wife on this issue.

Our Supreme Court has explained the doctrine and essential requirements of *res judicata* as follows:

> The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App. 2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002).

> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

*Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

In granting summary judgment in favor of Wife on this issue, the trial court stated in its February 2016 order:

> The parties to this case were involved in a lengthy and contentious divorce and were both represented by talented and able counsel. The divorce ultimately was resolved by the entry of a final decree of divorce April 28, 2015. This final decree of divorce was signed by both parties and both attorneys and recited that ". . . the parties had reached an agreement to settle and compromise all of the matters in dispute between them and that they have freely, voluntarily and knowingly entered into an agreement that is reflected by the terms and provisions of this final judgment of divorce."
>
> [Wife's] "Motion to Impose Sanctions for Contempt" was filed July 17, 2014. It is the filing of this motion which [Husband] alleges constitutes abuse of process. He alleges it was filed to harass him; to cause him to incur expense; and to weaken his resolve and force a settlement. [Husband] complains this motion never was heard. [Wife] states she understood the motion was to be heard at the final divorce hearing. Through his very able counsel, [Husband] could have asked for this motion, which he contends was without merit, to be heard prior to the trial date. Because it had not been heard prior to that time, it was a matter in dispute at the time the final decree of divorce was entered and, accordingly, was settled and compromised in that final decree of divorce. The Court finds the resolution of all issues in this matter by settlement resolved any claim he may have held for abuse of process and resolved the underlying motion for contempt. Accordingly, the Court finds the instant case is barred by the doctrine of *res judicata*.

(Internal citation to record omitted.)

It is undisputed that (1) the divorce judgment was rendered by the trial court as a court of competent jurisdiction, (2) Husband and Wife are the sole parties involved in both the divorce proceedings and the instant action, and (3) the divorce judgment was final and operated as a judgment on the merits. *See Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) ("'Generally, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits.'") (quoting *Horne v. Woolever,* 163 N.E.2d 378, 382 (Ohio 1959)). Our analysis of this issue thus narrows to whether the same claim or cause of action was asserted in both suits. *See Jackson*, 387 S.W.3d at 491.

11

Husband argues that this cause of action is separate from the divorce judgment because he "never had the full and fair opportunity to litigate the issue of abuse of process during the negotiations to settle the divorce." We disagree. As Husband notes, our Supreme Court has adopted the "transactional standard" in determining whether a cause of action is the same for purposes of *res judicata*. *See Creech v. Addington*, 281 S.W.3d 363, 379-80 (Tenn. 2009). The transactional standard provides:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

*Id.* (quoting Restatement (Second) of Judgments § 24(1)). As the *Creech* Court explained:

> Like many of the other states adopting the transactional approach, we observe that even where two claims arise out of the same transaction, the second suit is not barred by res judicata unless the plaintiffs had the opportunity in the first suit to fully and fairly litigate the particular issue giving rise to the second suit. For example, when a plaintiff is initially unaware of the existence of a cause of action due to the defendants' own concealment or misrepresentation, whether fraudulent or innocent, a second cause of action is appropriate. Restatement (Second) of Judgments § 26 cmt. j. "The result is different, however, where the failure of the plaintiff to include the entire claim in the original action was due to a mistake, not caused by the defendant's fraud or innocent misrepresentation." *Id.*

*Id.* at 381-82 (footnote omitted).

Although Husband argues that he has alleged a separate cause of action from the divorce proceedings, he does not dispute the trial court's finding that Wife's July 2014 contempt motion was pending before the trial court when the parties entered into the settlement agreement memorialized by the divorce judgment. Prior to entry of the divorce judgment, Husband did not request a hearing on either Wife's contempt motion or his own June 2014 amended contempt motion, also pending before the trial court at that time. Furthermore, the parties themselves consented to include language in the agreed order to the effect that they had "freely, voluntarily and knowingly entered into an agreement" "to settle and compromise all of the matters in dispute between them" (emphasis added).

12

In support of his position that the doctrine of *res judicata* should not apply to this case, Husband relies on this Court's decision in *Black v. Black*, No. W2003-01648-COA-R3-CV, 2004 WL 1563233 (Tenn. Ct. App. July 13, 2004) ("*Black I*"), *affirmed by Black v. Black*, 166 S.W.3d 699 (Tenn. 2005) ("*Black II*"). However, we determine Husband's characterization of the holding regarding *res judicata* in *Black I* to be misplaced. *Black I* involved an "independent action" filed by the plaintiff wife in chancery court over two years after the parties' final divorce decree and marital dissolution agreement ("MDA") had been entered by the circuit court. *Black I*, 2004 WL 1563233, at *1. The wife in *Black I* alleged fraud and coercion on the part of the defendant husband in inducing her to sign the MDA. *Id.* The chancery court in *Black I* granted the husband's Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss the complaint upon finding that the wife's complaint was an independent action to set aside the circuit's court divorce decree based on an allegation of fraud that could not be supported by the facts. *Id.* at *3. Although the wife insisted that she sought only damages based on her allegations and did not request rescission of the MDA, this Court determined that inasmuch as the wife alleged that the husband had committed fraud by concealing his true net worth during the divorce proceedings, she could not obtain the "damages" she requested "without, in essence, setting aside or modifying the divorce decree . . . ." *Id.* at *8.

This Court further determined in *Black I*: "[L]itigating the issues of fraud and duress would necessarily constitute a collateral attack on the divorce decree. Such a collateral attack is impermissible under principles of *res judicata*." *Id.* Therefore, this Court, approaching Wife's pleading "in the light most favorable to Wife," construed her complaint as an action to set aside the divorce decree, pursuant to Tennessee Rule of Civil Procedure 60.02, on the basis of fraud upon the court. *Id.*; *see also* Tenn. R. Civ. P. 60.02 ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court."). Although Husband in this cause is correct in asserting that this Court did not apply *res judicata* in *Black I*, he fails to note that the reason was because by operation of *res judicata*, the trial court's dismissal of wife's action would have been affirmed without further analysis. *See Black I*, 2004 WL 1563233, at *8. This Court instead determined in *Black I* that the wife's pleading merited additional analysis because in the light most favorable to her, it could be construed as a Rule 60.02 motion based on alleged fraud against the court. *Id.* However, because such fraud upon the court must be extrinsic to the issues litigated in the case, *id.* at *9 (citing *Simpkins v. Blank*, No. M2002-02383-COA-R3-CV, 2003 WL 23093849, at *6 (Tenn. Ct. App. Dec. 30, 2003)), this Court ultimately affirmed the chancery court's dismissal of the wife's fraud claim upon the determination that her allegations involved only matters intrinsic to the divorce litigation, *Black I*, 2004 WL 1563233, at *11.

13

Having determined that the facts could not support the wife's fraud claim in *Black I*, this Court next addressed the wife's allegations that the husband had induced her to sign the MDA through duress and coercion and her assertion that such allegations were the basis for an action in chancery court, independent of the divorce proceedings in circuit court. *Id.* This Court analyzed the wife's purported independent claim as follows:

> In her complaint, Wife asserts that Husband told her if she hired an independent attorney and did not sign the MDA he had prepared, he would have her prosecuted for child abuse and thrown in jail, that he would see to it that she would never see her children again, and that she would pay hundreds of thousands of dollars and receive nothing in the divorce. Since Husband is a prominent domestic relations attorney, Wife believed that he had the ability to carry out these threats, so she signed the MDA.
>
> Taking Wife's allegations as true, which we must, it is arguable that, akin to extrinsic fraud, Husband's alleged coercion deprived Wife of a "fair and honest opportunity" to present her evidence in the divorce proceeding. *See Simpkins* [*v. Blank*,] [No. M2002-02383-COA-R3-CV], 2003 WL 23093849, at *6 [(Tenn. Ct. App. Dec. 30, 2003)]. Unlike the situation presented in a case involving extrinsic fraud, however, Wife was not ignorant of Husband's conduct at the time she signed the MDA, and consequently it is not unfair to subject her to the limits of Rule 60.02. Furthermore, the threats alleged in Wife's complaint, though harsh indeed, may be construed by a trial court as classic "hardball" settlement negotiations, that is, informing the opposing party of the dire consequences that could result from declining to settle the dispute. *See Wright Med. Tech., Inc. v. Grisoni,* No. W2000-01302-COA-R7-CV, 135 S.W.3d 561, 2001 WL 1683754, at *21 (Tenn. Ct. App. Dec. 18, 2001) ("This is an ugly but unavoidable consequence of settlement negotiations; each side must try to convince the other tha[t] refusing to relent to its settlement demand will result in consequences that are worse than giving in to the settlement demand."). Wife has not cited, nor have we found, a case allowing an independent action to set aside a divorce decree to proceed based on duress or coercion. Moreover, we are mindful of the concern expressed in *Simpkins,* that we must work to prevent a "greater evil," that is, "[e]ndless litigation in which nothing [is] ever finally determined." *Simpkins,* 2003 WL 23093849, at *6 (quoting *Noll v. Chattanooga Co.,* 38 S.W. 287, 291 (Tenn. Ct. App. 1896)). In light of all of these considerations, while we do not hold that there are no circumstances under which allegations of duress or coercion could be the basis for an independent action, under the

14

circumstances of this case, Wife's allegations cannot be the basis for an independent action to set aside the final decree of divorce.

*Id.* (emphasis added).

This Court in *Black I* thus affirmed the chancery court's dismissal of the wife's complaint in its entirety. *Id.* at *12. Our Supreme Court in *Black II* subsequently affirmed this Court's decision in all respects, additionally determining that the wife had failed to state a claim for fraud under common law. *See Black II*, 166 S.W.3d at 705. In affirming the dismissal of the wife's coercion claim, the High Court noted that the parties' MDA and amended MDA had both included a provision that the MDA was "'not the result of any fraud, duress, or any undue influence exercised by either party herein upon the other . . . .'" *Id.* at 706 ("[E]ven if viewed as a common law action for coercion and a request for damages separate from Rule 60.02, the Wife's complaint fails to state a claim."). As in the case at bar, the *Black* parties had entered into an agreement, memorialized by the circuit court's divorce decree, that resolved all issues pending in the divorce proceedings. *See id.*; *Black I*, 2004 WL 1563233, at *11. Husband's reliance on *Black I* is unavailing.

Husband also relies on this Court's decision in *Moore v. Moore*, No. 01-A-01-9708-CV-00444, 1998 WL 848091 (Tenn. Ct. App. Dec. 8, 1998), in support of his argument that he should be able to maintain the instant action independent of the prior divorce proceedings. However, we determine *Moore* to be highly factually distinguishable from this case and, as the *Moore* Court noted, a "strange case" procedurally. *See Moore*, 1998 WL 848091, at *2. The divorcing parties in *Moore* had negotiated a settlement agreement, which was memorialized by the circuit court's entry of an agreed order in July 1995, with a final divorce judgment subsequently entered by the circuit court in May 1996. *Id.* at *1. In January 1997, the husband filed a complaint in chancery court, accusing the wife of "fraudulent misrepresentations in the marital home transaction." *Id.*

The wife in *Moore* responded, *inter alia*, by filing a motion to dismiss (or, in the alternative, for summary judgment) on the basis of *res judicata* in the chancery court. *Id.* She simultaneously filed a Tennessee Rule of Civil Procedure 60.02 motion in the circuit court, requesting that the circuit court determine "'whether fraud was perpetrated upon the Court and Defendant in this cause,'" as well as a Tennessee Rule of Civil Procedure 11 motion requesting that sanctions be imposed upon the husband for filing a frivolous lawsuit. *Id.* The chancery court denied the wife's motion to dismiss upon finding that the husband's complaint stated a claim for fraud, but the chancery court otherwise deferred its ruling until the circuit court could rule on the wife's Rule 60.02 motion. *Id.* The circuit court subsequently entered an order, finding, *inter alia*, that the husband's

interest "'in the parties['] real property [was] res judicata and binding on the Chancery Court,'" and assessing Rule 11 sanctions for the husband's filing in chancery court. *Id.* at *1-2. The husband appealed the circuit court's ruling. *Id.* at *1.

This Court determined in *Moore* that rather than seeking to set aside the judgment, the wife had filed her Rule 60.02 motion "simply [seeking] a declaration by the circuit court that Mr. Moore's chancery action had no merit—a curious reversal of the historic relationship between the two courts." *Id.* at *2. This Court reversed the circuit court's ruling, concluding "[t]hat such relief is beyond the power of the circuit court should be apparent." *Id.* This Court explained:

> It may be that Mr. Moore's chancery action is frivolous, we take no position on the merits of that case, but the chancery court has the tools to deal with frivolous lawsuits. We simply recognize that Mr. Moore had the right to file the chancery action and that the circuit court had no power to rule on its merits or to impose sanctions for its filing.

*Id.*

The wife in *Black I* relied in part on *Moore* in support of her argument that her complaint constituted an "independent action for fraud and coercion," rather than a Rule 60.02 motion to set aside the MDA. *Black I*, 2004 WL 1563233, at *4 (citing *Moore*, 1998 WL 848091). This Court determined *Moore* to be inapposite to *Black I* and the wife's reliance to be misplaced, explaining that the holding in *Moore* was based on the circuit court's lack of authority over the action filed in chancery court. *Black I*, 2004 WL 1563233, at 11 ("[I]t was the place of the chancery court to dismiss the husband's lawsuit if it proved to be frivolous.") (citing *Moore*, 1998 WL 848091, at *2). In the instant action, noting that no dispute concerning the trial court's authority to act is present, we likewise determine Husband's reliance on *Moore* to be unavailing.

In this case, Husband insists that he waited to file his complaint because he wanted to be sure the divorce judgment was final before he alleged that Wife had committed abuse of process. In no way does Husband allege that he was unaware of his potential claim for abuse of process when he entered into the consent order, and he certainly does not allege that Wife was concealing the basis for such a claim from him at that time. *See Creech*, 281 S.W.3d at 382; *see also Blalock v. Preston Law Grp., P.C.*, No. M2011-00351-COA-R3-CV, 2012 WL 4503187, at *7 (Tenn. Ct. App. Sept. 28, 2012), *perm. app. denied* (Tenn. Feb. 12, 2013) (holding that "the accrual of a cause of action for abuse of process need not await the termination of an action in the claimant's favor."). We determine that Husband had ample opportunity in the nine months between the filing of Wife's contempt motion and the entry of the divorce judgment to fully and fairly

16

litigate the basis for any potential abuse of process claim regarding the contempt motion by requesting a hearing on the motion before entering into a final consent order. *Gerber*, 219 S.W.3d at 918 ("'The [*res judicata*] bar of the judgment in such cases extends not only to matters actually determined, but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action.'") (quoting *Gaither Corp. v. Skinner,* 85 S.E.2d 909, 911 (N.C. 1955)). We therefore conclude that the trial court did not err by granting summary judgment in favor of Wife and dismissing Husband's complaint on the basis of *res judicata*.

## V. Abuse of Process

The trial court also found an award of summary judgment in favor of Wife to be appropriate upon the court's finding that Husband had failed to present any disputed issues of material fact that would allow him to establish a claim for abuse of process. *See Donaldson v. Donaldson*, 557 S.W.2d 60, 62 (Tenn. 1977) ("An action for abuse of process lies for the use of legal process to obtain a result it was not intended to effect, for a wrongful purpose."). As our Supreme Court has explained:

> [A] plaintiff must establish by evidence two elements to recover for abuse of process: "'(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge.'" [*Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, 986 S.W.2d 550, 555 (Tenn. 1999)] (quoting *Priest* [*v. Union Agency*], 174 Tenn. [304,] 307, 125 S.W.2d [142,] 143 [(Tenn. 1939]))); *see also Donaldson*, 557 S.W.2d at 62.

*Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 400-01 (Tenn. 2002).

Husband does not raise the trial court's findings regarding the abuse of process claim in his presentation of the issues on appeal. *See* Tenn. R. App. P. 27(4) (providing that the appellant's brief shall contain under an appropriate heading "[a] statement of the issues presented for review . . . ."). Husband does, however, in the argument section of his brief address the trial court's findings in this regard, and Wife has responded by arguing that the trial court properly found no disputed issues of material fact that could establish the elements of Husband's claim at trial. Inasmuch as we have determined that Husband's instant claim is barred by the doctrine of *res judicata*, we further determine Husband's argument regarding the elements of abuse of process to be pretermitted as moot.

Moreover, upon our careful review of the record, we agree with the trial court's findings in its order granting summary judgment that (1) Husband presented no evidence

17

to contradict Wife's assertion in her affidavit that she filed the contempt motion in good faith and (2) Wife's contempt motion was a "lawful" and "appropriate use of process," "filed in the divorce action to address acts allegedly not accomplished by [Husband] after he was ordered to accomplish them."[2]  Furthermore, to the extent that Husband seeks damages for emotional distress, he appears to be suggesting a claim for the tort of intentional infliction of emotional distress, but he alleges no conduct on the part of Wife in filing a contempt motion that could conceivably rise to the level of this tort.  *See Rogers v. Louisville Land Co.,* 367 S.W.3d 196, 205 (Tenn. 2012) ("The elements of an intentional infliction of emotional distress claim are that the defendant's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to the plaintiff."); s*ee, e.g.*, *Warwick v. Warwick*, No. E2011-01969-COA-R3-CV, 2012 WL 5960850, at \*12 (Tenn. Ct. App. Nov. 29, 2012) (affirming the dismissal of the plaintiff husband's post-divorce complaint against the defendant wife for, *inter alia*, intentional infliction of emotional distress).

## VI.  Tennessee Rule of Civil Procedure 11.02 Sanctions

Husband also contends that the trial court erred by granting Wife's motion to impose sanctions, pursuant to Tennessee Rule of Civil Procedure 11.02, against Husband's counsel.  In its order entered on remand, the trial court found it appropriate to assess a sanction against Husband's counsel upon a finding that "no good faith basis" existed for counsel to "believ[e] the cause of action was viable" or could be stated "under existing law or a reasonable extension of existing law."  The court assessed a sanction against Husband's counsel in the amount of $9,745.25 as Wife's reasonable attorney's fees and expenses.  Husband asserts that given the principle that the transactional definition of a cause of action should be applied on a case-by-case basis for *res judicata* purposes, *see Creech*, 281 S.W.3d at 381-82, Husband's counsel in good faith believed that Husband was not afforded the opportunity during the divorce proceedings to fully and fairly litigate his claim for abuse of process.  To the contrary, we conclude that the trial court did not abuse its discretion by assessing a Rule 11.02 sanction against Husband's counsel upon finding no good faith basis for counsel to have believed this action viable.

---

[2] We are mindful of Husband's November 4, 2014 electronic mail message to Wife that she could avoid, *inter alia,* the risk of "jail time for [his] pending contempt motion" by entering into a settlement. However, inasmuch as we have determined that Wife's contempt motion (together with any potential response to it on the part of Husband) was resolved by entry of the divorce judgment, we note that Husband's contempt motion (together with any potential response to it on the part of Wife) was likewise resolved by the divorce judgment.

18

Tennessee Rule of Civil Procedure 11.02 provides:

**Representations to Court.** – By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

(1)     it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2)     the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3)     the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)     the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Regarding the imposition of sanctions upon motion of a party, Tennessee Rule of Civil Procedure 11.03 further provides in relevant part:

**Sanctions.** – If, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation.

(1)     How Initiated.

(a)     By Motion.  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02.  It shall be served as

19

provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

* * *

(2)     Nature of Sanctions; Limitations. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(a)     Monetary sanctions may not be awarded against a represented party for a violation of subdivision 11.02(2).

* * *

(3)     Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

In reviewing a trial court's decision to impose Rule 11 sanctions against an attorney, we apply a test of "objective reasonableness" "in light of the circumstances existing at the time the document in question was signed." *See Andrews v. Bible*, 812 S.W.2d 284, 288 (Tenn. 1991). In *Andrews*, our Supreme Court set forth the "principles associated with a proper Rule 11 analysis" as follows in pertinent part:

20

1. An attorney must READ every paper before signing it.

2. He must make a reasonable pre-filing investigation of the FACTS.

3. He must research the LAW, unless he is certain he knows it.

4. The law as applied to the facts must REASONABLY WARRANT the legal positions and steps he takes. If existing law does not warrant these positions, a plausible argument for the extension of the law to the facts of the case is required.

5. It must be demonstrated, as the basis of pre-filing investigation and research, that there is a REASONABLE BASIS to name each defendant named, and to support each claim asserted. The shotgun complaint or answer, filed in the hope that discovery will produce the justification for it, is improper.

6. The adequacy of an attorney's investigation, research and legal analysis will be evaluated by the court under an OBJECTIVE STANDARD, namely, whether the attorney acted as a reasonably competent attorney admitted to . . . practice. Except as to improper purpose, subjective good faith is not a defense to Rule 11 sanctions. A pure heart but an empty head is of no avail.

\* \* \* \* \* \*

8. An attorney must not have an IMPROPER PURPOSE, such as harassment or intimidation, in naming any defendant, asserting any legal position or taking any legal step.

9. If an attorney violates Rule 11 the imposition of some sanction is MANDATORY, although the nature and extent of the sanction is discretionary with the [trial] court.

*Id.* (quoting *Whittington v. Ohio River Co.,* 115 F.R.D. 201, 209 (E.D. Ky. 1987)) (emphasis originally in *Whittington*). As this Court has explained:

[W]hen deciding whether to impose sanctions under Rule 11, the trial court should consider all the circumstances. "[T]he trial judge should consider not only the circumstances of the particular violation, but also the factors

21

bearing on the reasonableness of the conduct, such as experience and past performance of the attorney, as well as the general standards of conduct of the bar of the court." *Andrews,* 812 S.W.2d at 292 n.4.

*Brown*, 290 S.W.3d at 202-03 (additional internal citation omitted).

It is undisputed that pursuant to Tennessee Rule of Civil Procedure 11.03(1)(a), Wife's counsel provided adequate notice to Husband's counsel of an intent to file a Rule 11 motion for sanctions if the complaint were not withdrawn. *See Andrews*, 812 S.W.2d at 292. The trial court, in finding that a sanction should be imposed against Husband's counsel, made the following specific findings of fact in relevant part:

The Court has every reason to believe [Husband's counsel] is an experienced and knowledgeable member of this Bar. This Court has no information about his past performance as an attorney but is familiar with the general standards of conduct of this Bar and those standards require pleadings not violate the criteria of Rule 11. Pleadings must not be frivolous or unwarranted by existing law.

The history of the divorce case out of which the instant case arises is informative. It was highly contentious, expensive, and drawn out. It is clear the parties were well aware of the effect and consequences of their actions in entering into the Settlement Agreement. This Court finds there is no basis for any misinterpretation of the settlement documents and it is clear they resolve all issues pending before the Court. The *Creech* case [is] cited by counsel for [Husband] as standing for the proposition that [Husband] did not have the ability to litigate the issues raised by the Motion for Contempt. He was represented by able counsel. He acknowledges awareness of what he was settling. No admissible evidence was presented to substantiate his position. The *Creech* case in discussing the doctrine of *res judicata* states "The primary purposes of the doctrine of *res judicata* are to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." The concept is particularly meaningful in this application. The suit filed by [Husband's counsel] presents the costs and vexation of multiple lawsuits and does not promote finality in litigation. Were this type [of] action viable, there is no agreed resolution of a divorce which could not be resurrected by a theory comparable to the gravamen of this complaint.

22

The Court finds this is an appropriate case for sanctions. Rule 11 provides that the sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct of others similarly situated." The violation of Rule 11 does not permit monetary sanctions to be awarded against a represented party for a violation of subsection 11.02(2) which is one of the bases of the sanctions being imposed. The other basis falls within 11.02(1) which is that the litigation was being brought for an improper purpose such as to harass or to cause unnecessary or needless increase in the cost of litigation.

The Court finds the sanctions in this case should be assessed against counsel and the conduct constituting the violation of the rule is the bringing of this lawsuit knowing there was no good faith basis for believing the cause of action was viable and that the cause of action could not be stated under existing law or a reasonable extension of existing law. It appears the client's motivation was to harass the other party but the Court has no hard evidence of this fact. Accordingly, the sanctions are limited to those assessed against the attorney for enabling the harassment of [Wife] by [Husband].

Accordingly, the Motion for Sanctions is sustained and attorney's fees are awarded based upon the Affidavit of [Wife's counsel] filed on April 19, 2016. No hearing has been requested as to the reasonableness of the attorney's fees. Therefore, based on the affidavit, the Court finds the fees are reasonable and necessary and total $9,745.25, which amount is assessed against counsel for [Husband].

The trial court thus found that at the time of filing the instant complaint, Husband's counsel had no reasonable basis upon which to believe that any litigation related to Wife's contempt motion remained unresolved by the parties' divorce settlement and final judgment. We agree that a reasonable pre-filing investigation of the factual and procedural history of the divorce proceedings, together with reasonable research into existing law, would have demonstrated to Husband's counsel that a defense of *res judicata* was bound to prevail against Husband's abuse of process claim. Husband's counsel's "good faith" defense is unavailing. *See Hooker v. Sundquist,* 107 S.W.3d 532, 536 (Tenn. Ct. App. 2002), *perm. app. denied* (Tenn. Mar. 10, 2003) ("'Sanctions are appropriate when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a showing of subjective bad faith is not required.'") (quoting *Boyd v. Prime Focus, Inc.,* 83 S.W.3d 761, 765 (Tenn. Ct. App. 2001)); *Andrews*, 812 S.W.2d at 292 ("'[S]ubjective good faith is not a defense to Rule 11 sanctions.'") (quoting *Whittington,* 115 F.R.D. at 209).

We further determine that the sanction of reasonable attorney's fees and expenses imposed against Husband's counsel was warranted for effective deterrence of similar Rule 11 violations. *See* Tenn. R. Civ. P. 11.03(2); *see also Andrews*, 812 S.W.2d at 292 ("Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless inconvenience, expense, and delay."). Husband has not raised an issue regarding the reasonableness of the amount of attorney's fees and expenses assessed by the trial court. Based on our careful review of the record, we determine that the amount of the sanction is within the realm of reasonableness and does not constitute an abuse of the trial court's discretion. *See, e.g., Schutt v. Miller*, No. W2010-02313-COA-R3-CV, 2012 WL 4497813, at *18 (Tenn. Ct. App. Sept. 27, 2012). We therefore affirm the trial court's assessment of $9,745.25, comprised of Wife's reasonable attorney's fees and expenses, as a sanction imposed against Husband's counsel for violation of Tennessee Rule of Civil Procedure 11.02.

## VII.  Attorney's Fees on Appeal

Wife requests an award of attorney's fees on appeal, asserting that the appeal is frivolous, thereby warranting an award of attorney's fees pursuant to Tennessee Code Annotated § 27-1-122 (2000), which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

This Court's decision regarding whether to award attorney's fees on appeal is a discretionary one. *Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003).

We determine that in light of Husband's request for review of the Tennessee Rule of Civil Procedure 11.02 sanction imposed by the trial court, this appeal was not frivolous or taken solely for delay. Accordingly, we exercise our discretion to deny Wife's request for attorney's fees on appeal. *See Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006) ("We exercise our discretion under the statute sparingly so as not to discourage legitimate appeals.") (citing Tenn. Code Ann. § 27-1-122).

## VIII.  Conclusion

For the reasons stated above, we affirm the trial court's judgment.  We deny Wife's request for an award of attorney's fees on appeal.  This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and collection of costs assessed below.  The costs on appeal are assessed against the appellant, Jeremy David Parvin.

_____
THOMAS R. FRIERSON, II, JUDGE