

FILED

02/10/2017

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 2, 2016

## RHONDA SUE WATKINS v. KENNETH DANNY WATKINS

**Appeal from the Circuit Court for Williamson County**
**No. 09101     Michael Binkley, Judge**

_____

## No. M2016-00165-COA-R3-CV

_____

This is the second appeal of this case. In the first appeal, this Court affirmed the trial court's grant of appellee's petition to modify child custody and child support but vacated the trial court's judgment with respect to appellant's petition to modify alimony for lack of findings. On remand, the trial court found that appellant failed to establish a material change in circumstances justifying an increase in the alimony award that she was already receiving. Appellant appeals. Because appellant's brief failed to comply with the applicable rules, we dismiss her appeal in its entirety. In addition, we deny appellee's request for attorney's fees.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which D. Michael Swiney, C.J., and RICHARD H. DINKINS, J., joined.

Rhonda Sue Watkins, Murfreesboro, Tennessee, Pro Se.

John D. Schwalb, Franklin, Tennessee, for the appellee, Kenneth Danny Watkins.

## OPINION

### BACKGROUND

This is the second appeal of this case arising from a divorce. We will proceed to summarize the case below, but a full recitation of the factual history of the case is set out in _Watkins v. Watkins_, No. M2012-02378-COA-R3-CV, 2013 WL 4680456, at *1 (Tenn. Ct. App. Aug. 28, 2013), _perm. app. denied_ (Dec. 10, 2013) ("_Watkins I_").

In ***Watkins I***, Plaintiff/Appellant Rhonda Sue Watkins ("Ms. Watkins") was awarded a divorce from Defendant/Appellee Kenneth Danny Watkins ("Mr. Watkins") by a final decree entered on June 23, 2010, by the Williamson County Circuit Court. The trial court awarded Ms. Watkins's alimony in futuro in the amount of $750.00 per month until death or remarriage. In addition, the trial court named Ms. Watkins the primary residential parent of the parties' children and set Mr. Watkins child support obligation at $1,000.00 per month. No appeal was taken from this decision. On March 2, 2011, Mr. Watkins filed a petition to change custody and modify child support, which petition Ms. Watkins opposed. Ms. Watkins in turn filed a motion for an increase in alimony in an unspecified amount. Following "contentious proceedings," the trial court heard the matter on August 17, 2012, and entered an order on September 20, 2012. Therein, the trial court, *inter alia*, granted Mr. Watkins's petition to change custody and modify child support, adopted his proposed parenting plan, and denied Ms. Watkins's petition for an increase in alimony. In the first appeal of this case, we affirmed the trial court's grant of Mr. Watkins's petition to modify child custody and child support but vacated the trial court's judgment with respect to Ms. Watkins's petition to modify alimony for lack of findings under Tennessee Rule of Civil Procedure 52.01.

Upon remand to the trial court, the case progressed through a long and tortured procedural history. Due to judicial rotation and several recusal motions, the case was assigned to a variety of different judges.

On September 23, 2014, the trial court, Judge Robbie Beal presiding, issued an order.[1] Therein, the trial court determined that the record was sufficient only to establish that Ms. Watkins's income was significantly lower than the parties had expected and Mr. Watkins's income had increased. Although the trial court determined that the record supported a material change in circumstances, it determined that the evidence did not address whether Ms. Watkins was legitimately in need of support through no fault of her own, and whether Mr. Watkins had the ability to pay based on his own needs. Thus, the trial court indicated that an evidentiary hearing would be necessary to determine the alimony issue. The case was continued several times based on, *inter alia*, Ms. Watkins's alleged failure to appear and Ms. Watkins's oral request for time to hire an attorney with whom she had been in contact. However, at the final hearing, Ms. Watkins failed to hire the attorney purportedly because she was unable to afford one.

Ultimately, the final hearing on the alimony issue was held on August 6, 2015 ("final hearing"). Thereafter, the parties filed their amended proposed findings of fact and conclusions of law. The trial court, Judge Michael Binkley presiding, entered a memorandum and order on November 23, 2015, denying Ms. Watkins's petition to

---

[1] By order entered on March 5, 2014, the trial court stated that it intended, based on the agreement of the parties in open court, to make its decision upon the record before this Court and the proof that was introduced at the August 17, 2012 hearing.

increase alimony. Therein, the trial court found that, although Mr. Watkins's annual income had increased by approximately $1,250.00 per month since the 2010 final divorce decree, his expenses had also increased.[2] The trial court further found that Mr. Watkins's fluctuating income was a circumstance that the parties had anticipated or could have been reasonably anticipated at the time of the divorce decree.[3] In addition, although Ms. Watkins was employed at the time of the final hearing, the trial court found that she had been willfully unemployed and underemployed since the 2010 divorce.[4] Moreover, the trial court found that, although Ms. Watkins claimed that her health issues prevented her from gainful employment, Ms. Watkins presented no medical proof and had not applied for medical disability for any of her purported ailments. Furthermore, the trial court found that Ms. Watkins's purported expenses introduced at the final hearing were not her actual expenses at all but rather were "hypothetical expenses" that she could have incurred if she had the money. Accordingly, the trial court concluded that "Ms. Watkins . . . failed to carry her burden of establishing a substantial and material change of circumstances by a preponderance of the evidence."

Ms. Watkins filed a notice of appeal on December 23, 2015, and on the same day, Mr. Watkins moved for discretionary costs. Ms. Watkins filed a recusal motion on February 4, 2016, to disqualify the trial court judge from presiding over the discretionary costs hearing. The trial court held a hearing on March 4, 2016, in which it orally denied Ms. Watkins's motion for recusal and granted Mr. Watkins's motion for discretionary costs. At the hearing, Judge Binkley stated that the order, along with findings of fact and conclusions of law, would be filed the following week.[5] Subsequently, on April 18, 2016, the trial court entered an order granting Mr. Watkins discretionary costs.

---

[2] Specifically, at the time of the final hearing, the trial court found that Mr. Watkins's income of $6,786.86 and his expenditures of $7,264.64 together created a deficit of $478.77 per month.

[3] Mr. Watkins's 2014 salary was $108,242.14. Mr. Watkins, as a sales manager at Jasper, receives a base pay of $700.00 per week with additional monthly pay based on commission. At the time of the parties' 2010 divorce, the trial court set his income at $78,000.00 for child support purposes even though his salary exceeded $100,000.00 on several occasions prior to the 2010 divorce. Since the August 12, 2012 hearing at issue in *Watkins I*, Mr. Watkins had been the primary custodial parent to both children, although one child has reached the age of majority at the time of the final hearing.

[4] The trial court found that at one point, Ms. Watkins was earning an income in excess of $40,000.00. However, for the most part in the past few years, she only worked part-time at various jobs.

[5] Although Judge Binkley issued an oral ruling denying Ms. Watkins's recusal motion on March 4, 2016, and assured the parties that he would enter a written order within a week of the hearing, it came to this Court's attention that no such order was ever entered. Accordingly, this Court entered an order on January 9, 2017, directing the trial court to issue an order disposing of Ms. Watkins's motion to recuse. On January 30, 2017, Judge Binkley entered an order, essentially concluding that no basis existed to warrant his recusal from the case.

ISSUES

Ms. Watkins raises nineteen issues on appeal, which we have taken largely from her brief and slightly restated:

1. Whether it is plain error for the [trial] court to avoid a written agreement between the parties brought to the attention of the [trial] court, that both parties signed where the parties agree [Ms. Watkins] wouldn't owe any money to [Mr. Watkins] for any reason then ordering [Ms. Watkins] to pay [Mr. Watkins] child support, back child support, and attorney fees.

2. Whether the trial court erred or abused its discretion in denying the Supplemental amended petition to make findings of fact on court of appeals remand as parties agreed, increase alimony in future retroactive and award partial rehabilitative alimony.

3. Whether Exhibit No. 1, [Mr. Watkins's] income history of $89,599.37 for 2010; $95,417.00 for 2011; $92,636.63 for 2012, $88,387.29 for 2013 and $108,242.14 for 2014, for an average income of $96,170.76 for the past 4 years, supports a substantial and material change in circumstance since the entry of the final divorce on June 23, 2010 of the [trial] court determined annual income average of $78,000, and did the trial court err or abuse its discretion in determining that a substantial and material change in circumstance had not occurred.

4. Whether the relevant change in circumstance for modification of alimony is [Mr. Watkins's] continued increase and no decrease in salary from the average determined of $78,000 since the divorce, and did the trial court err or abuse its discretion in determining that a change in circumstance for modification of alimony had not occurred.

5. Whether the trial court erred in failing to consider the same factors that are relevant to an initial award of alimony. T.C.A. 36-5-121(i). ***Bogan v. Bogan***, 60 S.W.3d 721, 730 (Tenn. 2001) including the divorce being awarded to [Ms. Watkins] based on [Mr. Watkins's] inappropriate marital conduct, the parties were married over 17 years, [Ms. Watkins] was a homemaker for many years prior to the divorce, [Ms. Watkins] is self educated mostly, and health issues.

6. Whether the trial court erred in determining that a substantial and material change in circumstance had not occurred warranting an increase of [Ms. Watkins's] alimony in futuro when the evidence shows since the divorce, loss of job of [Ms. Watkins], health issues of [Ms. Watkins], an agreement between the parties, and substantial continuing increase of earnings of [Mr. Watkins].

7. Whether the trial court erred in determining that [Mr. Watkins] did not have the ability to pay more than $750.00 in monthly alimony in futuro as awarded at the time of the divorce, when relief was proven from the

transcript of the available relief of over $1,000.00 he had left over from between expenses and net income, and an additional $1,000 from the child support obligation that appellee no longer has to pay as ordered at the time of divorce, the parties children are currently 18 and older.

8. Whether the preponderance of the evidence is against the ruling of the court.

9. Whether the trial court reached a decision that is clearly unreasonable.

10. Whether the trial court erred in determining that appellee did not have the ability to pay more than $750.00 in monthly alimony in futuro as awarded at the time of the divorce, when the parties children are no longer subject to child support of the $1,000.00 that appellee was ordered to pay appellant at the time of divorce, and the appellee's income has continued to increase[].

11. Whether the trial court taking alimony and making it child support is plain error.

12. Whether it is public policy of our state to increase an alimony in futuro recipient's alimony at the time the parties children are no longer subject to child support, and if so, whether the trial court erred

13. Whether the trial court erred in determining that a substantial and material change in circumstance had not occurred.

14. Whether the trial court erred in ordering appellant to pay appellee's attorney fees.

15. Whether Substantive due process is violated when the "agreement between the parties" provides substantial rights of the parties and the court does not

16. Whether the trial court failed to consider the factors under Tenn. Code Atm. 36-5-121(i)(1-12) as it is relevant to a petition for modification of alimony.

17. Does taking alimony and making it child support in this case constitute Part 1 -Nonsupport 39-15-101 - Nonsupport and flagrant nonsupport. 39-15-101. Nonsupport and flagrant nonsupport. (a) A person commits the crime of nonsupport who fails to provide support which that person is able to provide and knows the person has a duty to provide to a minor child or to a child or spouse who, because of physical or mental disability, is unable to be self-supporting.

18. Whether [Mr. Watkins] should have to pay [Ms. Watkins] all the money [Mr. Watkins] has deducted from the original alimony award.

19. Whether the case should be remanded for the alimony in solido [Mr. Watkins] has not paid of $10,000.00 to [Ms. Watkins].

In the posture of appellee, Mr. Watkins consolidated Ms. Watkins's issues into four issues, namely:

1. Whether Ms. Watkins is foreclosed from re-litigating matters that were affirmed in *Watkins I*.
2. Whether the evidence preponderates against the trial court's finding that Ms. Watkins failed to establish a substantial and material change in circumstances.
3. Whether the evidence preponderates against the trial court's finding that Ms. Watkins was willfully underemployed and therefore not entitled to an increase in alimony.
4. Whether the trial court abused its discretion in awarding attorney's fees as sanctions and discretionary costs.

In addition, Mr. Watkins also designated the following issue:

5. Whether Mr. Watkins should be awarded his attorney's fees for a frivolous appeal.

## DISCUSSION

At the outset, we note that Ms. Watkins appears before this Court pro se, as she did in the trial court post-remand of this case. The law is well-settled in Tennessee that pro se litigants must comply with the same standards to which lawyers must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). We keep these principles in mind in considering this appeal, specifically with regard to the deficiencies in Ms. Watkins's appellate brief.

On appeal, Mr. Watkins argues that this Court should dismiss Ms. Watkins's appeal due to her failure to comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 of the Tennessee Rules of Appellate Procedure provides, in relevant part:

(a) Brief of the Appellant. The **brief of the appellant shall contain under appropriate headings** and in the order here indicated:
* * *
(2) **A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited**;
* * *

(5) A **statement of the case**, indicating briefly the **nature of the case**, the **course of proceedings**, and its **disposition** in the court below;
(6) A **statement of facts, setting forth the facts relevant to the issues presented for review** with appropriate references to the record;
(7) An **argument**, which may be preceded by a summary of argument, setting forth:
(A) **the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief**, with **citations to the authorities** and **appropriate references to the record** (which may be quoted verbatim) relied on; and
(B) **for each issue, a concise statement of the applicable standard of review** (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);
(8) A **short conclusion, stating the precise relief sought**.

Tenn. R. App. P. 27 (emphasis added). Further, Rule 6 of the Rules of the Court of Appeals of Tennessee provides, in relevant part:

(a) **Written argument in regard to each issue on appeal shall contain**:
(1) A **statement by the appellant of the alleged erroneous action of the trial court which raises the issue** and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
(2) **A statement showing how such alleged error was seasonably called to the attention of the trial judge** with citation to that part of the record where appellant's challenge of the alleged error is recorded.

R. Tenn. Ct. App. 6 (emphasis added).

Despite the explicit mandates of Rule 27 and Rule 6, Ms. Watkins's appellate brief is rife with deficiencies. Prominent among the deficiencies include the following: (1) a very minimal table of authorities with no references to the page in the brief where the authorities are cited; (2) a statement of the case that includes only facts prior to the

remand with no appropriate references to the voluminous record;[6] and (3) a statement of the facts virtually identical to her statement of the case. However, the most glaring deficiencies in Ms. Watkins's appellate brief are: (1) the lack of any discernable argument of the issues she designated on appeal in the argument section of her brief; and (2) the failure to designate as an issue on appeal the one discernable argument in her brief.

Here, the argument section in Ms. Watkins's initial brief is a gallimaufry of quotations from the record, including court orders, several of which were filed **prior** to this Court's remand of the case. Indeed, the significance of the verbatim reproduction of parts of the record that are already available to us is never explained, making her argument very difficult, if not impossible, to understand. Most importantly, of her nineteen assignments of error on appeal, several of which were repetitive, Ms. Watkins failed to construct any coherent argument in support of any alleged error. "Parties must thoroughly brief the issues they expect the appellate court to consider." ***Waters v. Farr***, 291 S.W.3d 873, 919 (Tenn. 2009). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Sup.Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010). "An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)." ***Hodge v. Craig***, 382 S.W.3d 325, 335 (Tenn. 2012) (citing ***Baugh v. Novak***, 340 S.W.3d 372, 381 (Tenn. 2011); ***Sneed***, 301 S.W.3d at 615). Although we are mindful of Ms. Watkins's pro se status and have attempted to give her the benefit of the doubt when possible, we nevertheless cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any cogent argument on the issues raised in her statement of the issues. It is not this court's responsibility to conduct an archeological dig of Appellant's brief to determine which portions of her brief constitute argument and which merely constitute quotations of pleadings and orders entered in the trial court.[7] *See* ***Coleman v. Coleman***, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015) (quoting ***U.S.***

---

[6] The record consists of over 1,200 pages in technical record, eight transcripts of proceedings, and thirty-one "exhibits." The exhibits, which consist of the record available to this Court in ***Watkins I***, along with the parties' appellate briefs from ***Watkins I***¸ were filed at Ms. Watkins's insistence.

[7] Although this Court, by order of November 1, 2016, granted Ms. Watkins's request to "add to her reply brief" by way of the filing of a second reply brief, the second reply brief not only fails to produce cogent arguments but also fails to comply with the rules applicable to reply briefs. To the extent that Ms. Watkins seeks to use her reply brief to correct the deficiencies in her initial brief, "a reply brief simply is not a substitute for an initial brief to this Court." ***Adler v. Double Eagle Properties Holdings, LLC***, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *6 (Tenn. Ct. App. Apr. 2, 2015), *appeal denied* (Aug. 13, 2015). Considering the fact that Ms. Watkins's initial brief and both reply briefs fail to produce cogent arguments, we need not reach the merits of her issues.

***v. Dunkel***, 927 F.2d 955, 956 (7th Cir. 1991)) ("'Judges are not like pigs, hunting for truffles buried in briefs.'"). Accordingly, based on Ms. Watkins's failure to construct any coherent arguments, along with a failure to cite to any relevant legal authority, in support of her nineteen issues on appeal, we deem all of these issues waived.[8]

Based on a very generous interpretation of Ms. Watkins's brief, the only good-faith argument that we can discern is whether Judge Binkley should have recused himself after she filed her motion for disqualification. Although Ms. Watkins neglected to provide appropriate references to the record wherein her motion was located, we nevertheless located in the appellate record a single recusal motion that she filed on February 4, 2016. As Ms. Watkins argues:

> The Disqualification motions were filed due to appearance and actual impropriety and bias. I feel that the proof provided shows intentional harm, and bias against me whether being a woman or for being pro se, but I fear going before the court to be intimidated and humiliated each time.

Even so, this issue was not designated as an issue on appeal. As previously discussed, appellate briefs must include "[a] statement of the issues presented for review." Tenn. R. App. P. 27(a)(4). "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." ***Hodge***, 382 S.W.3d 3at 335 (citing ***ABN AMRO Mortg. Grp., Inc. v. Southern Sec. Fed. Credit Union***, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011); ***Childress v. Union Realty Co.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)).

We also note that Ms. Watkins filed her recusal motion on February 4, 2016. Section 1.01 of Rule 10B of the Tennessee Supreme Court Rules states that "[a]ny party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record . . . shall do so by a **timely** filed written motion." Tenn. Sup. Ct. R. 10B, § 1.01 (emphasis added). Although Rule 10B does not

---

[8] Ms. Watkins also attempted to raise a "new issue" in her first reply brief, in which she alleged that Appellee "refused to provide his [2015 tax return] for consideration of alimony modification purposes and this appeal." Under Rule 27 of the Tennessee Rules of Appellate Procedure, a reply brief's purpose is to allow an appellant to "reply to the brief of the appellee." However, as this Court has pointed out:

> A reply brief is limited in scope to a rebuttal of the argument advanced in the appellee's brief. An appellant cannot . . . advance a new argument to support an issue in the reply brief. Such a practice would be fundamentally unfair as the appellee may not respond to a reply brief.

***Denver Area Meat Cutters & Employers Pension Plan v. Clayton***, 209 S.W.3d 584, 594 (Tenn. Ct. App. 2006) (quoting ***Caruthers v. State***, 814 S.W.2d 64, 69 (Tenn. Crim. App. 1991)). Accordingly, we will not entertain Ms. Watkins's attempt to raise a new issue in her reply brief to this Court.

provide a specific time frame for filing a recusal motion, the explanatory comments to the Rule states that such recusal motion "should be made promptly upon the moving party becoming aware of the alleged ground or grounds for such a motion." The explanatory comments also state that "delay in bringing such a motion may constitute a waiver of the right to object to a judge presiding over a matter" and "may also suggest an improper purpose for the motion." Here, Ms. Watkins's seventy-eight page motion purports to reproduce transcripts from various hearings dating as early as March 6, 2015, taking issue with Judge Binkley's comments made during each proceeding.[9] However, her recusal motion was not filed until February 4, 2016, well after the final hearing. Ms. Watkins provides no explanation as to why she waited almost a year to file her recusal motion.

Further, Ms. Watkins's recusal motion was filed without a supporting affidavit. *See* Tenn. Sup. Ct. R. 10B, § 1.01 ("The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials.").[10] Based on Ms. Watkins's failure to designate the denial of her recusal motion as an issue on appeal and her failure to explain the delay in filing her recusal motion,[11] this argument must be deemed waived. Because there are no remaining issues for us to consider, we dismiss Ms. Watkins's appeal in its entirety.[12]

---

[9] Other transcripts purportedly mentioned in her recusal motion include proceedings from April 24, 2015; June 11, 2015; June 25, 2015; July 24, 2015; and November 6, 2015.

[10] Although this Court has repeatedly held that such an affidavit is mandatory, *see, e.g.*, ***Childress v. United Parcel Serv., Inc.***, W2016-00688-COA-T10B-CV, 2016 WL 3226316 (Tenn. Ct. App. June 3, 2016), *no app. perm. appeal filed*; ***Elliott v. Elliott***, No. E2012-02448-COA-10B-CV, 2012 WL 5990268 (Tenn. Ct. App. Nov. 30, 2012), Rule 10B states that a motion may be accompanied by "an affidavit under oath or a declaration under penalty of perjury on personal knowledge." Tenn. Sup. Ct. R. 10B, § 1.01. This Court has not indicated whether a declaration under penalty of perjury appended to the recusal motion is sufficient to comply with Rule 10B in the absence of an affidavit. Due to other deficiencies with regard to this issue, we likewise need not decide this issue.

[11] We also note that the March 7, 2015 hearing occurred five months prior to the final hearing on Ms. Watkins's petition to modify alimony, which occurred on August 6, 2015, over which Judge Binkley presided.

[12] In her first reply brief, Appellant asks this Court to suspend our Rules under Rule 2 of the Tennessee Rules of Appellate Procedure because she is self-represented. *See* Tenn. R. App. P. 2 ("For good cause, including the interest of expediting decision upon any matter, the . . . Court of Appeals . . . may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion . . . ."). As previously discussed, however, the technical requirements, although relaxed for pro se litigants, are applicable to both represented and non-represented litigants. Given our difficulty in even determining the arguments raised by Appellant in this appeal, we decline Appellant's invitation to suspend our rules in the face of her non-compliance.

However, in an abundance of caution, we have reviewed the voluminous record and are satisfied that no basis exists for Judge Binkley's recusal. Despite Ms. Watkins's allegations that Judge Binkley was "bias[ed] and prejudice[d]" toward her, our review of the record reflects that he had been nothing but patient, explaining the rules several times throughout the several proceedings conducted. We are mindful that we were not present during the proceedings and, therefore, were not able to observe the body language of everyone present in court. Nevertheless, even if Judge Binkley exhibited hostile body language or remarks at Ms. Watkins, as she alleged, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *4 (Tenn. Ct. App. Feb. 11, 2014) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)). Indeed, "[a] judge's irritation or exasperation . . ., criticism . . . for perceived delays or failures to follow rules, friction occurring during litigation, or even sanctions and contempt charges do not establish the objective personal bias that would prevent a fair assessment of the merits of the case." *Id.* at *5 (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991); *People v. Smith*, 410 N.E.2d 973, 978–79 (Ill. App. Ct. 1980); *Blacknell v. State*, 502 N.E.2d 899, 904 (Ind.1987); *McKinley v. Iowa Dist. Court for Polk Cnty.*, 542 N.W.2d 822, 827 (Iowa 1996)). Accordingly, even if we were to consider the merits of this argument, we conclude that Ms. Watkins has failed to establish a ground for Judge Binkley's recusal in this matter.

Lastly, we consider Mr. Watkins's request for an award of attorney's fees, asserting that the appeal is frivolous. "This Court's decision regarding whether to award attorney's fees on appeal is a discretionary one." *Parvin v. Newman*, No. E2016-00549-COA-R3-CV, 2016 WL 7183484, at *16 (Tenn. Ct. App. Dec. 9, 2016) (citing *Young v. Barrow*, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003)). However, Mr. Watkins, despite arguing that Ms. Watkins failed to comply with the Tennessee Rules of Appellate Procedure, neglected to cite to any law in the argument section of this issue entitling him to relief. Accordingly, we exercise our discretion to deny Mr. Watkins's request for attorney's fees on appeal.

**CONCLUSION**

Based on the foregoing, we dismiss Ms. Watkins's appeal based on her failure to comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals of Tennessee. We also deny Mr. Watkins's request for attorney's fees on appeal. Costs of this appeal are taxed to Rhonda Sue Watkins, for which execution may issue for costs if necessary.

_____
J. STEVEN STAFFORD, JUDGE